OPINION OF THE COURT
James H. Ferreira, J.
Claimant commenced this suit against the State of New York after he was taken into custody and detained on two separate occasions due to an outstanding warrant for the nonpayment of a traffic fine. The claim was served upon the Attorney General of the State of New York on August 2, 2005 and subsequently filed with the Clerk of the Court on August 3, 2005. The claim provides, in relevant part, that
“[b]y virtue of the carelessness and negligence of the defendant, their agents, servants and/or employees, particularly the Albany Police Department’s failure to communicate cancellation of an arrest warrant to the Mechanicville Police Department the defendant breached its duty owed and that such breach was a proximate cause of plaintiff’s injuries . . . That the claim arose as a result of the negligence and/or vicarious negligence and carelessness of the said City of Albany and The Albany Police Department and its agents, servants, contractors and/or employees in carelessly and negligently failing to properly control said agents, servants, contractors and/or employees, so as to avoid said incident; and more particularly . . . defendant through their agents, servants, contractors and/or employees, failed to communicate cancellation of arrest warrant causing the injuries to the Claimant.”
In a letter to claimant’s counsel dated August 4, 2005, defendant notified claimant that it elected to treat the claim as a nullity, pursuant to CPLR 3022, on the ground that it was not properly notarized. Thereafter, by order to show cause filed on August 10, 2006, the court requested that both parties submit written statements regarding service of the claim. By decision *238 and order filed February 8, 2007, the court (Sise, P.J.) determined that defendant failed to reject the claim with due diligence and that the claim was properly and timely served.
On March 13, 2007, defendant filed a motion to dismiss the claim, in lieu of an answer, which the court now addresses. Defendant argues that the court is without subject matter jurisdiction since claimant’s allegations of negligence are confined to the actions of the City of Albany and the Albany Police Department, and that defendant is not liable for the acts of municipal officers and/or employees. Claimant opposes the motion and cross-moves the court for an order of default on the ground that defendant has failed to answer or appear in a timely manner.
“When determining a motion to dismiss, the court must ‘accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory’ ” (Goldman v Metropolitan Life Ins. Co., 5 NY3d 561, 570-571 [2005], quoting Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner, 96 NY2d 300, 303 [2001]). “A pleading attacked for insufficiency must be accorded a liberal construction, and ‘if it states, in some recognizable form, any cause of action known to our law,’ it cannot be dismissed” (Schlackman v Robin S. Weingast & Assoc., Inc., 18 AD3d 729, 729 [2005], quoting Clevenger v Baker Voorhis & Co., 8 NY2d 187, 188 [I960]). It is plain from a review of the allegations contained within the claim that a cause of action for negligence in the failure to cancel a warrant has been asserted (see Goldman v Metropolitan Life Ins. Co., supra). In Schwandt v State of New York (4 Misc 3d 405 [2004]), following a trial on the issue of liability, the court (Sise, J.) determined that the State of New York was liable for claimant’s improper arrest on a bench warrant that had not been recalled or vacated upon payment of the associated fines due to the negligence of the local court clerk in failing to cancel the warrant. Here, as in Schwandt (supra), claimant alleges that he was improperly detained and taken into custody due to defendant’s negligence in failing to retire a warrant that remained outstanding after he paid the related fine (see also Ostrowski v State of New York, 186 Misc 2d 890 [2001]). Nonetheless, defendant contends that the claim should be dismissed for lack of subject matter jurisdiction because claimant attributes responsibility *239 for the negligent act to the City of Albany and the Albany Police Department, and the State cannot be held liable for the acts of these municipal agencies.
The court disagrees and finds that claimant’s failure to properly identify the agency responsible for canceling his warrant does not impair the gravamen of the claim. “[T]here is . . . ample authority for imposing liability upon the State based upon the negligent performance of a ministerial act” (Boland v State of New York, 218 AD2d 235, 245 [1996]), which “may flow from the negligence of nonjudicial employees in performing their ministerial duties” (Schwandt at 410). The authority to issue warrants and to authorize the delegation of warrants to law enforcement is the province of our courts and not that of law enforcement (see CPL 120.10 et seq., 530.70, 420.10). Moreover, it is customarily the responsibility of court personnel to cancel or retire warrants, a task that has been characterized by this court as ministerial in nature (see Schwandt at 407; Ostrowski v State of New York, supra). With this in mind, as well as the fact that discovery has not yet occurred, which will in all likelihood reveal that the court clerk was responsible for the cancellation of claimant’s warrant, the court concludes that it would be unfair to impute knowledge of the procedures for issuance and cancellation of warrants upon claimant at this early stage and dismiss the claim for failure to identify the responsible agency (see Bernstein v Kelso & Co., 231 AD2d 314, 321 [1997]). Nor can it be argued that there is any prejudice to defendant as “the misconduct complained of was set forth in sufficient detail to apprise defendant[ ] of the alleged wrongs” (id.).
In addition to the foregoing, claimant cross-moves the court for a default judgment. The issue for the court’s consideration is whether service of a defective notice pursuant to CPLR 3022, without more, constitutes a valid basis for entry of a default judgment, or whether defendant’s time to serve a responsive pleading, or to make a motion in lieu thereof, is extended until after the court has rendered a determination regarding the validity of the notice. The court finds that claimant is not entitled to a default judgment.
Section 206.7 of the Uniform Rules for the Court of Claims provides, in relevant part, that “[e]xcept as extended by CPLR 3211(f), service of all responsive pleadings shall be made within 40 days of service of the pleading to which it responds.” (22 *240 NYCRR 206.7 [a].) In turn, CPLR 3211 (f) permits “[s]ervice of a notice of motion under subdivision (a) or (b) before service of a pleading responsive to the cause of action or defense sought to be dismissed” and extends the time to serve a responsive pleading until 10 days after service of notice of entry of the order.
Here, however, defendant filed neither a responsive pleading nor a motion in lieu thereof within 40 days of service of the claim. Instead, defendant opted to notify claimant that it was rejecting the claim pursuant to CPLR 3022. Approximately 18 months later, the court (Sise, P.J.) issued a decision and order, filed on February 8, 2007, and held that defendant failed to provide its notice with due diligence and that the claim was properly and timely served. Accordingly, defendant is now considered to have “waive[d] any objection to an absent or defective verification” (Lepkowski v State of New York, 1 NY3d 201, 210 [2003]). Defendant is not, however, considered to have defaulted in failing to serve either its responsive pleading or a notice of motion to dismiss in lieu thereof prior to issuance of the court’s (Sise, P.J.) decision and order.
The issue before the court is not to be confused with the failure to comply with Court of Claims Act § 11 (c). That section provides, in relevant part, that
“[a]ny objection or defense based upon failure to comply with . . . the verification requirements as set forth in subdivision b of this section is waived unless raised, with particularity, either by a motion to dismiss made before service of the responsive pleading is required or in the responsive pleading, and if so waived the court shall not dismiss the claim for such failure.”
The foregoing legislation was enacted to address the “division among Court of Claims judges following Lepkowski as to whether unverified claims are a nullity or require a response . . . [and to] clarify that a jurisdictional defense be raised by motion or answer” (Scott v State of New York, 11 Misc 3d 1079[A], 2006 NY Slip Op 50622[U], *3 [2006]; see Assembly Mem in Support, Bill Jacket, L 2005, ch 460). The legislation was not enacted to provide for a default judgment when defendants fail to employ the procedures identified therein for preservation of an objection or defense based upon the lack of verification. Notably, Court of Claims Act § 11 (c) was recently amended to exclude any reference to CFLR 3022 (see L 2007, ch 223, § 1, eff July 3, 2007), and to clarify that in *241 order to preserve an objection or defense based upon, among other things, the failure to comply with the verification requirements of Court of Claims Act § 11 (b), defendant must raise the issue in a pre-answer motion to dismiss or in its answer.
The court notes that it is afforded considerable discretion in determining whether or not to enter a default judgment, even where defendant is technically in default, so long as there is a reasonable excuse for the default (see Ganvey Merchandising Corp. v Knudsen El. Corp., 169 AD2d 518, 518-519 [1991] [delay of 13 months in answering complaint was excused because defendant believed it had been answered and proceedings had been mishandled by insurance company and law firm]). Here, defendant’s belief that the claim was a nullity, while ultimately incorrect, was not unreasonable. The court is also mindful that “it is the established policy of this State that disputes be resolved on their merits” (Matter of Murray v Matusiak, 247 AD2d 303, 304 [1998]; see also Ballard v Billings & Spencer Co., 36 AD2d 71, 76 [1971]) and “[c]ourts are reluctant to declare a party in default” (Ryan v Ryan, 33 AD2d 969, 970 [1970]; see also Matter of Castell v City of Saratoga Springs, 3 AD3d 774, 775 [2004]). Moreover, claimant was not without recourse upon notice from defendant that it had elected to treat the claim as a nullity. Claimant could have brought a motion for an order compelling defendant to accept service of the claim. There is no indication from the record before the court, however, that claimant took any steps to prosecute his claim until prompted to do so by the court (Sise, P.J.) in its order to show cause which was filed approximately one year after filing of the claim. Nor is there any indication from the record that defendant’s rejection of the claim was made in bad faith.
With the foregoing principles and policy considerations in mind, the court holds that the failure to serve a timely answer or a motion to dismiss in lieu thereof, following service of a defective notice pursuant to CPLR 3022, does not constitute a valid basis for entry of a default judgment. Rather, the responsive party should be permitted time to serve an answer or a motion to dismiss in lieu thereof after service of notice of entry of the order declaring the CPLR 3022 notice defective, in conformity with Uniform Rules for the Court of Claims (22 NYCRR) § 206.7 and CPLR 3211 (f). Since defendant served the instant motion to dismiss in lieu of an answer within 40 days of entry of the court’s (Sise, EJ.) decision and order holding that *242 defendant’s CPLR 3022 notice was defective, claimant’s cross motion for a default judgment is hereby denied. Defendant’s time to file and serve an answer is hereby extended until 10 days after service upon it by claimant of notice of entry of this decision and order.
Accordingly, it is hereby ordered that motion number M-73055 is denied and cross motion number CM-73901 is denied.