SANDRA SODERLUND *v.* JANICE MERRIGAN ET AL.
(AC 28875)

Flynn, C. J., and McLachlan and West, Js.

Argued April 21—officially released September 23, 2008

*Bruce A. Chaplin*, for the appellant (plaintiff).

*Deborah Leigh Moore*, with whom was *Kevin M. Casini*, law student intern, for the appellees (defendants).

*Opinion*

McLACHLAN, J. In this negligence action, the plaintiff, Sandra Soderlund, appeals from the summary judgment rendered in favor of the defendants, Janice Merrigan, a Meriden police officer, and the city of Meriden (city). The plaintiff claimed that the defendants had a duty to remove an arrest warrant for her from the statewide police computer system and failed to do so. The court concluded that the plaintiff's claims were barred by the doctrine of governmental immunity. On appeal, the plaintiff contends that the court improperly granted the defendants' motion for summary judgment because the defendants were not immune from liability for their negligence in failing to remove the arrest warrant from law enforcement records after the court had

ordered the warrant vacated.[1] We agree and, accordingly, reverse the judgment of the trial court.

The following facts are relevant to the resolution of the plaintiff's appeal. On August 14, 1998, the Meriden police department (department) arrested the plaintiff and charged her with two separate offenses: one appearing on the criminal docket and one appearing on the motor vehicle docket. On January 21, 2000, the plaintiff failed to appear in court for a scheduled court date. As a result of her failure to appear, the court, *Holden, J.*, issued an arrest warrant for the plaintiff for a failure to appear and set the bond at $1500. On March 9, 2000, the court vacated the arrest warrant. The court issued a "notice to vacate" (notice) the warrant in the criminal matter and sent the notice to the department. At that time, Merrigan was working as a court liaison officer for the department. She collected the notice, but, because she could not find the arrest warrant in her file, she did not process the notice. Instead, she stamped the notice with the words "not on file," noted the date, initialed the document and returned it to the Meriden courthouse.

On March 13, 2000, the court issued a notice to vacate in the motor vehicle case and handled it in the same manner as the March 9, 2000 notice to vacate. Similarly, after Merrigan realized that the warrant was not in the department's computer system, she stamped the document with the notation, "not on file," noted the date, initialed it and returned it to the Meriden courthouse.

---

[1] On appeal, the plaintiff also asserted that even if the defendants did not have a mandatory duty that abrogated governmental immunity, her claim falls under two of the exceptions to discretionary act immunity. Furthermore, the plaintiff asserted a public policy argument in support of her claim that summary judgment as a matter of law was inappropriate in the present case. Because this court concludes, on the narrow facts of this case, that there exists triable issues of fact and that the duty to vacate an arrest warrant pursuant to a court order is mandatory and, therefore, a ministerial duty, we do not reach the other claims.

On May 5, 2000, the department entered the plaintiff's arrest warrant into the computer system. More than six months later, on Friday, January 27, 2001, the plaintiff was leaving a sports bar in Cheshire when she was stopped by police. On the basis of the January, 2000 arrest warrant, the plaintiff was taken to the Cheshire police department and then transported to the Meriden police department. The Meriden department did not have any record of the notice to vacate the arrest warrant, so it held the plaintiff in custody. The department allowed her to make several telephone calls, but she was unable to post bond. She spent the weekend in the department's holding cell.

On Monday, January 29, 2001, the plaintiff was taken to the Meriden courthouse where court personnel determined that the warrant had been vacated. She was released immediately. Subsequently, the plaintiff commenced this action against the defendants, claiming that the department and Merrigan were negligent.[2]

In her complaint, the plaintiff alleged that the defendants were negligent in failing to remove the arrest warrant from the police computer system pursuant to the notice and in accordance with General Statutes § 54-142a (a) and (e).[3] On February 2, 2007, the defendants moved for summary judgment, asserting that the plaintiff's claims were barred by the doctrines of qualified

---

[2] The plaintiff also had commenced an action against the defendants in federal court. On or about January 25, 2005, however, the federal court dismissed the action for lack of jurisdiction.

[3] Specifically, the plaintiff alleged that the liability of the city was premised on General Statutes § 52-557n (a), which provides in relevant part: "(1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties . . . ."

In her three count negligence action against the defendants, the plaintiff claimed indemnity from the city for the "negligence and carelessness" of Merrigan.

immunity and governmental immunity, and that the plaintiff had failed to establish her common-law negligence claim. Particularly, the defendants argued that the plaintiff's claims do not "fall under any of the exceptions that abrogate governmental immunity involving discretionary acts" because "the plaintiff does not qualify as an identifiable victim subject to imminent harm." In opposition, the plaintiff argued that there were material issues of fact and that she did fall under one of the exceptions that abrogates governmental immunity. She also claimed that Merrigan's actions were not discretionary, but ministerial.

On May 22, 2007, the court, *Holzberg, J.*, granted the defendants' motion for summary judgment and issued its memorandum of decision on July 13, 2007. The court found that the manner in which a police officer performed his or her duties is discretionary and rejected the plaintiff's assertion that the acts of Merrigan were ministerial. The court rejected the plaintiff's argument that the defendants owed her a duty pursuant to § 54-142a, and it found that an arrest warrant for a failure to appear was not a final judgment and, therefore, § 54-142a was inapplicable. Furthermore, the court found that the plaintiff did not fall under any of the three exceptions to governmental immunity for discretionary acts. This appeal followed.

At the outset, we set forth the applicable standard of review. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that

the party is, therefore, entitled to judgment as a matter of law. . . . On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary." (Internal quotation marks omitted.) *Allen* v. *Cox*, 285 Conn. 603, 609, 942 A.2d 296 (2008).

"Although the determination of whether official acts or omissions are ministerial or discretionary is normally a question of fact for the fact finder . . . there are cases where it is apparent from the complaint . . . [that] [t]he determination of whether an act or omission is discretionary in nature and, thus, whether governmental immunity may be successfully invoked pursuant to [General Statutes] § 52-557n (a) (2) (B), turns on the character of the act or omission complained of in the complaint. . . . Accordingly, where it is apparent from the complaint that the defendants' allegedly negligent acts or omissions *necessarily* involved the exercise of judgment, and thus, necessarily were discretionary in nature, summary judgment is proper." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Grignano* v. *Milford*, 106 Conn. App. 648, 654–55, 943 A.2d 507 (2008). Here, the plaintiff claims that the defendants did not have the right to exercise their judgment, and, therefore, the duty was mandatory or ministerial. We agree.

The dispositive issue on appeal is whether the plaintiff's claim is barred by the doctrine of governmental immunity. Therefore, a review of the following principles of governmental immunity is relevant to the resolution of this appeal.

"The [common-law] doctrines that determine the tort liability of municipal employees are well established.

. . . Generally, a municipal employee is liable for the misperformance of ministerial acts, but has a qualified immunity in the performance of governmental acts. . . . Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . The hallmark of a discretionary act is that it requires the exercise of judgment. . . . In contrast, [m]inisterial refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion. . . .

"Municipal officials are immunized from liability for negligence arising out of their discretionary acts in part because of the danger that a more expansive exposure to liability would cramp the exercise of official discretion beyond the limits desirable in our society. . . . Discretionary act immunity reflects a value judgment that—despite injury to a member of the public—the broader interest in having government officers and employees free to exercise judgment and discretion in their official functions, unhampered by fear of second-guessing and retaliatory lawsuits, outweighs the benefits to be had from imposing liability for that injury. . . . In contrast, municipal officers are not immune from liability for negligence arising out of their ministerial acts, defined as acts to be performed in a prescribed manner without the exercise of judgment or discretion. . . . This is because society has no analogous interest in permitting municipal officers to exercise judgment in the performance of ministerial acts. . . .

"There are three exceptions to discretionary act immunity. Each of these exceptions represents a situation in which the public official's duty to act is [so] clear and unequivocal that the policy rationale underlying discretionary act immunity—to encourage municipal officers to exercise judgment—has no force. . . . First, liability may be imposed for a discretionary act when the alleged conduct involves malice, wantonness

or intent to injure. . . . Second, liability may be imposed for a discretionary act when a statute provides for a cause of action against a municipality or municipal official for failure to enforce certain laws. . . . Third, liability may be imposed when the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . ." (Citations omitted; internal quotation marks omitted.) *Violano* v. *Fernandez*, 280 Conn. 310, 318–20, 907 A.2d 1188 (2006).

The plaintiff asserts that the defendants had a mandatory duty to clear the police files and to remove the arrest warrant for the plaintiff's failure to appear as was ordered by the court. The plaintiff maintains that this mandatory duty is created by § 54-142a.[4] Section

---

[4] General Statutes § 54-142a (a) provides in relevant part: "Whenever in any criminal case, on or after October 1, 1969, the accused, by a final judgment, is found not guilty of the charge or the charge is dismissed, all police and court records and records of any state's attorney pertaining to such charge shall be erased upon the expiration of the time to file a writ of error or take an appeal, if an appeal is not taken, or upon final determination of the appeal sustaining a finding of not guilty or a dismissal, if an appeal is taken. . . ."

Moreover, § 54-142a (e) provides in relevant part: "The clerk of the court . . . or person charged with the retention and control of such records shall forward a notice of such erasure to any law enforcement agency to which he knows information concerning the arrest has been disseminated and *such disseminated information shall be erased* from the records of such law enforcement agency. . . ." (Emphasis added.) General Statutes § 54-142a (e).

The plaintiff also relied on the language affixed to the court notice to support her contention that there is a mandatory duty to erase the warrant. The language at issue was in bold print and stated that "[e]xecution of this warrant after receipt of this notice may result in claims for money damages against the state of Connecticut and liability for civil money damages imposed against your agency on behalf of this defendant." The court rejected the plaintiff's allegation that the notice contained "specific mandated instructions by the Superior Court to locate the original warrant and all copies of the warrant and return them to the Superior Court immediately . . . ." Instead, the court found that the plaintiff "failed to allege and prove the existence of any ordinance, regulation, rule, policy or any clear directive requiring Merrigan to act in any prescribed manner with respect to the

54-142a (a) requires that when the accused in a criminal matter is found, by a final judgment, to be not guilty or the charge is dismissed, the police and court records relating to that matter should be erased. The plaintiff argues that an order to vacate the arrest warrant acts as a dismissal in that case. The court, however, concluded that an arrest warrant for a failure to appear was not a final judgment and, therefore, § 54-142a was inapplicable. Moreover, the court concluded that even if § 54-142a created a duty to erase the warrant, "it does not prescribe the manner in which it must be done." Although this finding of the court is factually accurate because there is nothing that prescribes how an arrest warrant should be vacated, we believe that the pertinent issue was characterized inaccurately. The issue is not whether the *procedure* to vacate the warrant was mandatory, but whether it was mandatory to vacate the warrant.

This case turns on whether obeying an order from the court to vacate an arrest warrant is a mandatory-ministerial duty or a discretionary duty. "[A public officer] . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act. . . . The hallmark of a discretionary act is that it requires the exercise of judgment. On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." (Internal quotation marks omitted.) *Lombardi Rest Home, Inc.* v. *Richter*, 63 Conn. App. 646, 656, 778 A.2d 230 (2001). Here, the conduct complained of does not fall within the definition of a discretionary act because it does not involve the exercise of judgment and discretion. Instead, the order to vacate an arrest warrant is mandatory. It does not matter how the order is vacated, but, simply put, it must be vacated.

handling of the notices to vacate arrest warrants or requiring the city . . . to train and supervise the police officers in a prescribed manner."

In reaching this conclusion, this court follows a line of cases from other jurisdictions that have concerned liability when a person has been arrested on a warrant that has been vacated, wrongly issued, dismissed or retired. See, e.g., *Bayou La Batre* v. *Robinson*, 785 So. 2d 1128 (Ala. 2000) (finding that when magistrate did not properly transmit warrant-recall order to police department causing plaintiff's arrest on warrant, magistrate did not exercise judgment in discharge of duties and, therefore, plaintiff entitled to proceed against municipality on negligence claim); *Cook* v. *Topeka*, 232 Kan. 334, 339, 654 P.2d 953 (1982) (finding clerk has no discretion on whether to recall bench warrant after traffic fine payment issued because "routine recall of a warrant by the municipal court clerk upon payment of the traffic fine is wholly ministerial in nature"); *Smith* v. *Lewis*, 669 S.W.2d 558 (Mo. App. 1983) (finding that clerks' actions in causing arrest could have been ministerial); *Shaw* v. *Camillus*, 288 App. Div. 2d 902, 732 N.Y.S.2d 606 (2001) (town's failure to retire warrant ministerial in nature); *Glowinski* v. *Braun*, 105 App. Div. 2d 1153, 482 N.Y.S.2d 395 (1984) (liability for negligent service of warrant by deputy, appeal dismissed, 65 N.Y.2d 637 (1985); *Stewart* v. *State*, 18 Misc. 3d 236, 239, 849 N.Y.S.2d 374 (2007) ("it is customarily the responsibility of court personnel to cancel or retire warrants, a task that has been characterized by this court as ministerial in nature"); *Schwandt* v. *State*, 4 Misc. 3d 405, 777 N.Y.S.2d 599 (2004) (duty to transmit warrant cancellation information to police agency ministerial in nature and failure to transmit such information constituted breach of duty owed to plaintiff); *Calhoun* v. *Providence*, 120 R.I. 619, 633–34, 390 A.2d 350 (1978) (finding that because of "bookkeeping slip-up, either the issuance of the capias was never docketed or the recall order was never entered" and clerk not immune for failure to perform ministerial function). All

of these courts have held that when a judge directs or orders a warrant recalled, retired or dismissed, or there is a law that operates to this effect, clerks, magistrates or other personnel are not absolutely protected by governmental immunity because the act of retiring or vacating a warrant is ministerial.

In the present case, the defendants contend that the act of vacating the warrant was not ministerial and that the city's actions and Merrigan's actions, as a police officer, are subject to discretionary act immunity. We are faced with an issue of first impression in Connecticut, namely, whether a judge's direction to a law enforcement officer not directly responsible to the judicial authority has the same legal effect as a judge's direction to a judicial employee. We conclude that on the basis of the narrow facts of the present case, a judge's order to vacate an arrest warrant is mandatory even upon a police officer.

Although police officers, and police departments, are typically protected by discretionary act immunity,[5] the mere status of a defendant as a police officer does not itself impart a cloak of immunity. The policy behind discretionary act immunity for police officers is based on the desire to encourage police officers to use their discretion in the performance of their typical duties. "Discretionary act immunity reflects a value judgment that—despite injury to a member of the public—the broader interest in having government officers and employees free to exercise judgment and discretion in

---

[5] See, e.g., *Shore* v. *Stonington*, 187 Conn. 147, 153, 444 A.2d 1379 (1982); *Sestito* v. *Groton*, 178 Conn. 520, 527, 423 A.2d 165 (1979); *Stiebitz* v. *Mahoney*, 144 Conn. 443, 446, 134 A.2d 71 (1957); see also *Gordon* v. *Bridgeport Housing Authority*, 208 Conn. 161, 180, 544 A.2d 1185 (1988) ("[i]t is firmly established that the operation of a police department is a governmental function, and that the acts or omissions in connection therewith ordinarily do not give rise to liability on the part of the municipality" [internal quotation marks omitted]).

their official functions, unhampered by fear of second-guessing and retaliatory lawsuits, outweighs the benefits to be had from imposing liability for that injury." (Internal quotation marks omitted.) *Grignano* v. *Milford*, supra, 106 Conn. App. 654.[6] Police officers are protected by discretionary act immunity when they perform the typical functions of a police officer. Nevertheless, under the facts of this case, when a law enforcement officer has been ordered by the court to vacate an arrest warrant, the broad protections of discretionary act immunity do not apply.

Merrigan's duty to vacate the warrant is not a typical duty of a police officer, nor is it discretionary. The court ordered the warrant vacated and issued notices to this effect. The defendants should have vacated the warrant, and Merrigan should have taken steps to vacate the warrant from the computer system because it was at the direction of the court. It does not matter how she performed this duty, but she was required to vacate the warrant. From the record on the motion for summary judgment, it is unclear exactly what misstep occurred and whether it occurred at the courthouse or the police station. What is clear, however, is that a court order to vacate an arrest warrant is mandatory. If the defendants failed in their duty to vacate the warrant, they failed to perform a ministerial act. Therefore, the plaintiff's

---

[6] The pivotal case concerning discretionary act immunity and police officers is *Shore* v. *Stonington*, 187 Conn. 147, 444 A.2d 1379 (1982), which is one of the first cases that involved this exception to discretionary act immunity. In *Shore*, the plaintiff, whose decedent was killed by a drunken driver who had been stopped earlier by a municipal police officer, brought an action in negligence against the municipality and the police officer. Id., 148. Our Supreme Court concluded that the defendants were shielded from liability because the act complained of was discretionary and that the imminent harm exception did not apply because during the police officer's encounter with the drunken driver, the police officer could not have been aware that the driver's conduct threatened an identifiable victim with imminent harm. Id., 154. *Shore* illustrates the typical public functions of a police officer that call for the officer to use her discretion to perform her duties.

claim is not barred by governmental immunity, and summary judgment on the basis of governmental immunity should not have been rendered.

There are questions of material fact at issue in the present case.[7] There is conflicting testimony as to where the missteps occurred. We have no opinion as to whether the plaintiff can prove that the defendants were negligent in failing to vacate the warrant. Rather, we simply conclude that governmental immunity does not protect the defendants against the plaintiff's claim. Therefore, summary judgment was not appropriate at this phase of the litigation.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.

---

[7] We note that the court decided the motion as a matter of law and, therefore, did not need to consider any factual issues.