[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED AUGUST 7, 1996
The plaintiffs, Paul F. Nordling and Debra Lamont Nordling, have filed a four count amended complaint against the defendants, Leah K. Harris, Elrac, Inc. (Elrac) and Enterprise Rent-A-Car Co. (Enterprise). They allege negligence against Harris, liability pursuant to General Statutes § 14-154a against Elrac and Enterprise, and loss of consortium on behalf of Debra Lamont Nordling against Harris in count three, and Elrac and Enterprise in count four.
The plaintiffs allege that on January 25, 1994, Paul Nordling, while operating his motor vehicle, was stopped and waiting to make a left turn from the westbound lane of the Post Road East in Westport, Connecticut, when his vehicle was struck in the rear by a vehicle operated by Harris, causing him to sustain injuries. They further allege that Harris was operating the vehicle as lessee, pursuant to a rental agreement between the defendants. The plaintiffs also allege that Debra Lamont Nordling is married to Paul Nordling, and that as a result of Paul CT Page 5282 Nordling's injuries she has been deprived of consortium and has suffered chronic fatigue syndrome.
On June 14, 1996, Elrac and Enterprise have filed a motion to strike paragraphs fifteen through eighteen of count four of the plaintiffs' complaint on the ground that a claim of chronic fatigue syndrome is not a proper element of a loss of consortium claim. On the same date, Harris also filed a motion to strike paragraphs twelve through fifteen of the third count of the plaintiffs complaint on the same ground.[1]
The defendants maintain that certain paragraphs in counts three and four containing allegations that Debra Nordling has suffered chronic fatigue syndrome are not recoverable under a cause of action in loss of consortium. The plaintiffs argue that Debra Nordlings chronic fatigue syndrome has arisen as a consequence of her husband's bodily injury and, therefore, is recoverable under an action for loss of consortium.
"The term `consortium' is usually defined as encompassing the services of the wife, the financial support of the husband, and the variety of intangible relations which exist between spouses living together in marriage. Prosser, Torts (4th Ed. 1971) § 124, pp. 881-82. These intangible elements are generally described in terms of `affection, society, companionship and sexual relations.' Comment, `The Action for Loss of Consortium in New Mexico,' 2 N.Mex.L.Rev. 107, 108 (1972). These intangibles have also been defined as the `constellation of companionship, dependence, reliance, affection, sharing and aid which are legally recognizable, protected rights arising out of the civil contract of marriage.' Brown v. Kistleman, 177 Ind. 692,98 N.E. 631 (1912); Lippman, `The Breakdown of Consortium,' 30 Colum.L.Rev. 651 (1930); Pound, `Individual Interests in the Domestic Relations,' 14 Mich.L.Rev. 177 (1916); Holbrook, `The Change in the Meaning of Consortium,' 22 Mich.L.Rev. 1 (1923)."Hopson v. St. Mary's Hospital, 176 Conn. 485, 487, 408 A.2d 260
(1979). "A cause of action for loss of consortium does not arise out of a bodily injury to the spouse suffering the loss of consortium; it arises out of the bodily injury to the spouse who can no longer perform the spousal functions. Hopson v. St. Mary'sHospital, supra, 494; United Services Auto Assn. v. Warner,supra, 964; Thompson v. Grange Ins. Assn., 34 Wash. App. 151,161-62, 660 P.2d 307 (1983)." (Emphasis added.) Izzo v. ColonialPenn. Ins. Co., 203 Conn. 305, 312, 524 A.2d 641 (1987). Furthermore, "[l]oss of consortium, although a separate cause of CT Page 5283 action, is not truly independent, but rather derivative and inextricably attached to the claim of the injured spouse." Id.
Chronic fatigue syndrome has been defined as a condition of unknown cause whose chief symptom is a debilitating weakness with no improvement after bed rest. The syndrome also involves psychiatric factors, including depression. See Mende v. Collins,
Superior Court, judicial district of New London at Norwich, No. FA-87-0088175 (1991).[2] Since emotional distress or mental anguish is a type of personal injury; cf. Kilduff v. Adams, Inc.,219 Conn. 314, 337-38, 593 A.2d 478 (1991); the plaintiffs' allegations in the paragraphs sought to be stricken focus on injuries suffered to the Debra Nordling, not the loss arising out of the spouse who allegedly can no longer perform spousal functions. To hold otherwise would improperly expand the parameters of a claim for loss of consortium and would undermine substantive rules of law circumscribing the conditions under which recovery may be had for emotional distress. See, e.g.,Clohessy v. Bachelor, 237 Conn. 31, 51-56 (1996) (conditions for recovery for bystander emotional distress); DeLaurentis v. NewHaven, 220 Conn. 225, 266-67, 597 A.2d 807 (1991) (conditions for recovery for intentional infliction of emotional distress);Morris v. Hartford Courant Co., 200 Conn. 676, 683-84,513 A.2d 66 (1986) (conditions for recovery for unintentionally-caused emotional distress).
As our supreme court has aptly observed in holding that there is no action for emotional distress caused by observing the consequences of medical malpractice: "While it may seem that there should be a remedy for every wrong, this is an ideal limited perforce by the realities of this world. Every injury has ramifying consequences, like the rippling of waters, without end. The problem for the law is to limit the legal consequences of wrongs to a controllable degree." Maloney v. Conroy, 208 Conn. 392,401-02, 545 A.2d 1059 (1988), quoting Tobin v. Grossman,24 N.Y.2d 609, 619, 249 N.E.2d 419, 301 N.Y.S.2d 554 (1969).
The motions to strike are granted.
LEVIN, J.