SARAH COE ET AL. *v.* BOARD OF EDUCATION OF THE TOWN OF WATERTOWN ET AL.
(SC 18433)

Rogers, C. J., and Norcott, Palmer, Zarella, McLachlan and Vertefeuille, Js.

Argued March 16—officially released June 7, 2011

*John R. Logan,* for the appellants (plaintiffs).

*Joseph M. Busher, Jr.,* with whom was *Kathryn M. Cunningham,* for the appellees (named defendant et al.).

114

PER CURIAM. The plaintiffs, Sarah Coe (Coe) and Mary Ellen Coe, brought this action against the defendants,[1] the board of education of the town of Watertown (board), the town of Watertown (town), and Theresa Gregoire and Mary Jean Mangione, teachers employed by the board, claiming that, as the result of the defendants' negligence, Coe had severely injured her foot at a school dance sponsored by the board. The defendants filed a motion to strike the claims against them on the ground that the negligence claims against the town and the board were barred by the doctrine of governmental immunity and did not come within the scope of the statutory waiver of governmental immunity set forth in General Statutes § 52-557n; the claims against Gregoire and Mangione were barred because § 52-557n does not create a cause of action against individual municipal employees; and in the absence of a common-law negligence claim against Gregoire and Mangione, there was no basis for an indemnification claim pursuant to General Statutes § 7-465.[2] The trial court granted the motion to strike and rendered judgment in favor of the defendants. The plaintiffs then appealed,[3] claiming that the trial court improperly granted the motion to strike. We affirm the judgment of the trial court.

---

[1] Distasi Catering, LLC (Distasi), also was a defendant at trial, but is not involved in the present appeal. References to the defendants do not include Distasi.

[2] General Statutes § 7-465 provides in relevant part: "(a) Any town, city or borough, notwithstanding any inconsistent provision of law, general, special or local, shall pay on behalf of any employee of such municipality . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded . . . for physical damages to person . . . if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment . . . ."

[3] The plaintiffs appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

As stated in the trial court's memorandum of decision, "[o]n February 29, 2008, [the plaintiffs] filed a three count complaint . . . alleging [in count one] negligence pursuant to . . . § 52-557n against [the defendants], and [in count two] requesting indemnification from the town and [the] board . . . for the torts of their employees, Mangione and Gregoire. Specifically, the complaint alleges that: (1) on June 16, 2006, the town, through the board . . . sponsored an eighth grade graduation dance at . . . a private catering facility . . . (2) during the course of the evening, a glass goblet fell and broke, leaving pieces of glass on the floor; and (3) after shedding her footwear while walking from her table to the dance floor, [Coe] stepped on a shard of broken glass and severely injured her left foot. Additionally, the plaintiff[s] [allege] that . . . Gregoire and Mangione, who are both teachers at the Swift Middle School and were chaperones at the dance, were negligent in their supervision of the students."

The trial court granted the defendants' motion to strike count one of the complaint on the ground that the town and the board were entitled to governmental immunity because they were performing governmental acts involving the exercise of judgment and discretion. See General Statutes § 52-557n (a) (2) (B). The trial court also granted the motion to strike count one as to Gregoire and Mangione because § 52-557n does not create a cause of action against individual government employees and because "no common-law negligence claim was pleaded . . . ." With respect to count two of the complaint, the trial court determined that, in the absence of a common-law negligence claim against Gregoire and Mangione, there was no basis for a statutory indemnification claim pursuant to § 7-465.

The plaintiffs claim on appeal that the trial court improperly determined that: (1) the town and the board were not liable pursuant to § 52-557n (a) (1) (A) for

their alleged negligent acts because the acts required the exercise of discretion and, therefore, liability was barred by § 52-557n (a) (2) (B); (2) if § 52-557n (a) (2) (B) applies to the plaintiffs' claims, the claims do not come within the exception to that provision for claims involving identifiable persons who are subject to imminent harm; (3) § 52-557n does not provide that individual municipal employees are liable for damages caused by certain negligent acts or omissions, but only that political subdivisions are liable; and (4) the plaintiffs were not entitled to relief under § 7-465 because they did not allege common-law negligence against Gregoire and Mangione.

With respect to the first three claims, our examination of the record and briefs and our consideration of the arguments of the parties persuades us that the judgment of the trial court should be affirmed. As the trial court noted in its well reasoned memorandum of decision,[4] "[i]t is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to

[4] The trial court recognized preliminarily that although, "[g]enerally, where a defendant argues that it is entitled to governmental immunity, it is required to plead the doctrine as a special defense . . . *Westport Taxi Service, Inc.* v. *Westport Transit District*, 235 Conn. 1, 24, 664 A.2d 719 (1995) . . . there are instances when it is appropriate for defendants to raise the defense of governmental immunity in the context of a motion to strike. Specifically, where it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, the defendant is not required to plead governmental immunity as a special defense and may attack the legal sufficiency of the complaint through a motion to strike. [*Doe* v. *Board of Education*, 76 Conn. App. 296, 299 n.6, 819 A.2d 289 (2003)]." (Citation omitted; internal quotation marks omitted.)

Because the trial court concluded that the plaintiffs "have alleged sufficient facts to demonstrate on the face of the complaint that the defendants were engaged in a governmental function while performing the acts and omissions complained of by the plaintiffs," it found that "by sponsoring this dance to celebrate graduation from the eighth grade, the defendants were engaged in a governmental function. Therefore, a motion to strike is a proper vehicle for raising the issue of governmental immunity in the present case."

strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . . *Violano* v. *Fernandez*, 280 Conn. 310, 318, 907 A.2d 1188 (2006). The role of the trial court in ruling on a motion to strike is to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action. . . . *Dodd* v. *Middlesex Mutual Assurance Co.*, 242 Conn. 375, 378, 698 A.2d 589 (1997)." (Internal quotation marks omitted.)

The trial court explained that in ruling on the motion in the present case, "the court must consider the doctrine of governmental immunity. By the passage of § 52-557n the legislature abandon[ed] the common-law principle of municipal sovereign immunity and establish[ed] the circumstances in which a municipality may be liable for damages. *Doe* v. *Petersen*, 279 Conn. 607, 614, 903 A.2d 191 (2006). [Section 52-557n] provides in relevant part: (a) (1) Except as otherwise provided by law, *a political subdivision of the state shall be liable* for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties . . . . (2) Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by . . . (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law. . . .

"Indeed, while a municipality is generally liable for the ministerial acts of its agents, § 52-557n (a) (2) (B) explicitly shields a municipality from liability for damages to person or property caused by the negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law. *Doe* v. *Petersen*,

supra, 279 Conn. 614. The hallmark of a discretionary act is that it requires the exercise of judgment. . . . In contrast, [m]inisterial refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion. . . . *Violano* v. *Fernandez*, supra, 280 Conn. 318. The court finds from the facts of this case that the sponsoring of a middle school graduation party at an off school site constitutes a discretionary act.

"The only relevant exception [to this rule is in circumstances where it was] apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . . *Durrant* v. *Board of Education*, 284 Conn. 91, 100, 931 A.2d 859 (2007). . . . [T]his exception [has been construed] to apply not only to identifiable individuals but also to narrowly defined identified classes of foreseeable victims. . . . Id. In *Doe* v. *Peterson*, supra, 279 Conn. 616, [the Supreme Court] noted that . . . [t]his test requires three things: (1) an imminent harm; (2) an identifiable victim; and (3) a public official to whom it is apparent that his or her conduct is likely to subject that victim to that harm. All three of these factors are intimately tied to the question of foreseeability, and all must be met for a plaintiff to overcome qualified immunity. *Fleming* v. *Bridgeport*, 284 Conn. 502, 533, 935 A.2d 126 (2007)." (Emphasis in original; internal quotation marks omitted.)

The trial court concluded that it was "persuaded by *Durrant* v. *Board of Education*, supra, 284 Conn. 107, where the court found that a parent who was injured while picking up her child from an after-school program on school grounds when she slipped and fell on a slippery stairwell was not an identifiable victim subject to imminent harm. In [*Durrant*, the court] stated that [t]he only identifiable class of foreseeable victims that we have recognized for these purposes is that of school-

children attending public schools during school hours. In determining that such schoolchildren were within such a class, we focused on the following facts: they were intended to be the beneficiaries of particular duties of care imposed by law on school officials; they were legally required to attend school rather than being there voluntarily; their parents were thus statutorily required to relinquish their custody to those officials during those hours; and, as a matter of policy, they traditionally require special consideration in the face of dangerous conditions. . . . Id." (Internal quotation marks omitted.)

Considering the facts alleged in the present case, the trial court concluded that "it is clear that [Coe's] injuries did not occur on school grounds, her attendance at the dance was voluntary, and [she] voluntarily removed her shoes. Since [Coe's] actions in attending the dance and removing her shoes were of her own volition, none of her choices imposed an additional duty of care on the school authorities pursuant to the standard set forth in *Burns* v. *Board of Education*, 228 Conn. 640, 644–48, 638 A.2d 1 (1994), and articulated by the court in *Doe* v. *Petersen*, supra, 279 Conn. 616. The plaintiff[s'] [claims, therefore, do] not fall within the recognized exceptions to § 52-557n (a) (2) (B), and qualified governmental immunity shields [the town and the board] from liability."

After the trial court granted the defendants' motion to strike count one on the grounds that the town and the board were immune from suit pursuant to § 52-557n (a) (2) (B), and that § 52-557n does not authorize suit against individual government employees, the court concluded that, because the plaintiffs had not brought a common-law negligence claim against Gregoire and Mangione, they were not entitled to recover from the town or the board pursuant to § 7-465, as claimed in

count two. Accordingly, the court granted the motion to strike all of the allegations of count one and count two.

Although we conclude that the trial court properly granted the defendants' motion to strike count one as to the town and the board because they were immune from suit pursuant to § 52-557n (a) (2) (B), and properly determined that § 52-557n does not authorize suit against individual government employees, we agree with the plaintiffs' fourth claim on appeal that the trial court improperly granted the motion to strike the first count of the complaint as to Gregoire and Mangione and the entire second count seeking payment from the town and the board pursuant to § 7-465 on the ground that the plaintiffs had not alleged common-law negligence against Gregoire and Mangione. We conclude, however, that the trial court's ruling may be affirmed on the alternate ground that Gregoire and Mangione were immune from liability under the doctrine of qualified immunity.

We have concluded that the trial court properly granted the motion to strike with respect to the portions of count one containing allegations against the town and the board and claiming that Gregoire and Mangione were liable pursuant to § 52-557n (a) (1) (A). We do not agree, however, that the remaining allegations against Gregoire and Mangione are subject to a motion to strike merely because the plaintiffs had initially made the allegations within the framework of their claim pursuant to § 52-557n (a) (1) (A). Section 52-557n (a) (1) (A) does not create a new *kind* of cause of action, but provides that political subdivisions of the state may be held liable for certain common-law negligence claims against them and their employees. *Caman* v. *Stamford,* 746 F. Sup. 248, 249 (D. Conn. 1990) ("§ 52-557n is grounded in the common law negligence cause of action" and "did not create any new liability for municipalities which did not exist in the common law"). It

is undisputed that, putting principles of governmental immunity aside, the allegations of the first count of the complaint are, on their face, legally sufficient to support a common-law negligence claim against all of the defendants. We conclude, therefore, that the trial court improperly struck the portions of count one alleging negligence against Gregoire and Mangione and count two on the ground that the plaintiffs had not alleged a common-law negligence claim against Gregoire and Mangione.[5]

This does not end our analysis, however. "[G]enerally, a municipal employee is liable for the misperformance of ministerial acts, but has a qualified immunity in the performance of governmental acts. . . . Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature." (Internal quotation marks omitted.) *Bonington* v. *Westport*, 297 Conn. 297, 306, 999 A.2d 700 (2010). "[T]his court has recognized that the common-law exceptions to liability for municipal employees are codified under § 52-557n (a). . . . Therefore, the analysis is the same [for both the municipality and the employees]." (Citation omitted.) Id., 307 n.8.

We have concluded that the trial court properly determined that the town and the board were immune from liability under § 52-557n (a) (2) (B), which provides that

[5] See *Cook* v. *Stender*, Superior Court, judicial district of Middlesex, Docket No. CV-04-0104110 (December 22, 2004) (38 Conn. L. Rptr. 439, 440) (Prior case law "ought not to be read for the proposition that clearly improper allegations upon which relief may not be granted as a matter of law must remain in a complaint indefinitely, leading to confusion for the court, the parties and the jury, just because there are aspects of the complaint that are otherwise valid. If the motion to strike has merit as to certain allegations of the complaint . . . the proper course for the court is to strike those allegations only . . . ."); *Nordling* v. *Harris*, Superior Court, judicial district of Fairfield, Docket No. 329660 (August 7, 1996) (17 Conn. L. Rptr. 296, 298 n.1) ("Under prior case law and earlier versions of the Practice Book, it was generally improper to demur to a paragraph of a complaint unless the paragraph purported to state a separate cause of action. . . . Since 1978, however, the Practice Book has not contained such a constraint." [Citations omitted.]).

"a political subdivision of the state shall not be liable for damages to person . . . caused by . . . negligent acts or omissions which require the exercise of judgment or discretion . . . ." It necessarily follows from this conclusion that Gregoire and Mangione were acting in the exercise of discretion, and the plaintiffs' claims against them did not come within any exception to the rule barring a political subdivision's liability for the discretionary acts of its employees. Accordingly, we affirm the judgment of the trial court striking the negligence claims against Gregoire and Mangione in count one on the alternate ground that they were barred by the doctrine of qualified immunity. Because the common-law negligence claims against Gregoire and Mangione are barred, there is no basis for the plaintiffs' claim pursuant to § 7-465, which requires municipalities to pay "all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee . . . ." See *Myers* v. *Hartford*, 84 Conn. App. 395, 401, 853 A.2d 621 (§ 7-465 does not preclude "municipal employees from raising defenses to such claims as are recognized by the common law"), cert. denied, 271 Conn. 927, 859 A.2d 582 (2004). We therefore also affirm the trial court's ruling granting the defendants' motion to strike count two on this alternate ground.

The judgment is affirmed.