### STEPHANIE MCCAULIFF ET AL.
### v. OSMAN SHARIF ET AL.

Superior Court, Judicial District of Tolland
File No. CV-12-6005375

---

Memorandum filed February 22, 2013

*Proceedings*

*Matthew E. Willis*, for the plaintiff Sheryl Miller.

*Richard C. Tynan*, for the defendants.

GRAHAM, J. This motion to strike presents the question of whether an emotional distress claim may be made in Connecticut by a close relative who is telephonically present at the time of an accident.

The plaintiffs, Stephanie McCauliff and Sheryl Miller, have filed a four count complaint against the defendants, Osman Sharif and Capital Bros., LLC, in which they allege the following facts: On June 28, 2011, McCauliff was operating her motor vehicle, traveling westbound on Interstate 84 near exit 54 in East Hartford. After coming to a stop for traffic, McCauliff's vehicle became disabled on the roadway. She immediately used her cellular phone to contact the state police and requested assistance. McCauliff then called her mother, Miller. Osman Sharif was operating a tractor trailer owned by Capital Bros., LLC, within the scope of his employment, and was also traveling westbound on Interstate 84. While McCauliff was on the phone with Miller, McCauliff's vehicle was negligently struck from behind by Sharif's vehicle. As a result of the defendants' negligence, the plaintiff McCauliff sustained multiple serious physical injuries, and the plaintiff Miller suffered emotional distress and anguish resulting from her contemporaneous sensory perception of the accident.

In counts one and two, the plaintiff McCauliff alleges causes of action in negligence against, respectively, Sharif and Capital Bros., LLC. In counts three and four, the

plaintiff Miller alleges causes of action in bystander emotional distress against, respectively, Sharif and Capital Bros., LLC.

The defendants filed this motion to strike counts three and four on the ground that the claims are not cognizable as a matter of law. Specifically, the defendants claim that the plaintiff Miller has failed to allege a necessary element for recovery, to wit either arrival at the scene shortly after the collision and before McCauliff was moved or a contemporaneous sensory perception of the accident. The plaintiffs have conceded the former but not the latter. This motion turns then upon whether Miller's audio perception of the collision and its aftermath meets the element of a contemporaneous sensory perception of the accident.

"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) *Fort Trumbull Conservancy, LLC* v. *Alves*, 262 Conn. 480, 498, 815 A.2d 1188 (2003). Practice Book § 10-39 (a) provides in pertinent part: "Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." "[I]t is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.) *Coe* v. *Board of Education*, 301 Conn. 112, 116–17, 19 A.3d 640 (2011). "[P]leadings must be construed broadly and realistically, rather than narrowly and technically." (Internal quotation marks omitted.) *Connecticut Coalition for Justice in Education Funding, Inc.* v. *Rell*, 295 Conn.

240, 253, 990 A.2d 206 (2010). This court takes "the facts to be those alleged in the [complaint] . . . and . . . construe[s] the [complaint] in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) *New London County Mutual Ins. Co.* v. *Nantes*, 303 Conn. 737, 747, 36 A.3d 224 (2012).

The current state of Connecticut law with respect to an action sounding in bystander emotional distress was articulated by our Supreme Court in *Clohessy* v. *Bachelor*, 237 Conn. 31, 675 A.2d 852 (1996). The court held that Connecticut will recognize a cause of action for bystander emotional distress, based on a " 'reasonable foreseeability' " test. Id., 47.

The court found that bystander emotional distress is foreseeable. "The emotional harm following the perception of the death or serious injury to a loved one is just as foreseeable as the injury itself, for few persons travel through life alone. . . . We believe that the interest in emotional stability we have described is sufficiently important to warrant this protection." (Internal quotation marks omitted.) Id., 46–47. "We therefore conclude, on the basis of sound public policy and principles of reasonable foreseeability, that a plaintiff should be allowed to recover, within certain limitations, for emotional distress as a result of harm done to a third party. In doing so, we join the courts of other jurisdictions that have adopted the rule of foreseeability in various forms." Id., 49.

"[B]orrowing from the experience of other jurisdictions, we agree that specific limitations must be imposed upon the reasonable foreseeability rule. We recognize that those limitations, albeit somewhat arbitrary, are necessary in order not to leave the liability of a negligent defendant open to undue extension by the verdict of sympathetic juries, who under our system

must define and apply any general rule to the facts of the case before them." (Internal quotation marks omitted.) Id., 51.

The court concluded "that a bystander may recover damages for emotional distress under the rule of reasonable foreseeability if the bystander satisfies the following conditions: (1) he or she is closely related to the injury victim, such as the parent or the sibling of the victim; (2) the emotional injury of the bystander is caused by the contemporaneous sensory perception of the event or conduct that causes the injury, or by arriving on the scene soon thereafter and before substantial change has occurred in the victim's condition or location; (3) the injury of the victim must be substantial, resulting in his or her death or serious physical injury; and (4) the bystander's emotional injury must be serious, beyond that which would be anticipated in a disinterested witness and which is not the result of an abnormal response." Id., 56.

In the present case, the crucial question is whether the plaintiff Miller has met the second element requirement, which is that her emotional injury be caused by *the contemporaneous sensory perception of the event or conduct that causes the injury,* by hearing her daughter's accident, as it occurred, over a cell phone.[1] The defendants claim that the allegations in the plaintiffs' complaint that Miller perceived the injuries to her daughter by hearing the events over the telephone are not enough to satisfy the second element of *Clohessy* because Miller was not physically present to witness the accident. The plaintiffs counter that the facts that they have alleged in their complaint, as well as those facts necessarily implied from those allegations, sufficiently satisfy the "contemporaneous sensory perception" element of their claim for bystander emotional

[1] In this day and age, it is reasonably foreseeable that the driver of a disabled vehicle on the interstate will be on a cell phone to a loved one.

harm. The plaintiffs further argue that because there is no requirement of physical presence, the fact that Miller's contemporaneous sensory perception occurred by means of a telephone call is immaterial.

It is evident that Miller's perception of the event was both contemporaneous and sensory. Contemporaneous is defined as "existing or happening in the same period of time." Webster's New World Dictionary, Second College Edition (1972). Sensory is defined as "of the senses or sensation," and the word sense is further defined as "the ability of the nerves and the brain to receive and react to stimuli, as light, sound, impact, constriction, etc." Id.

The *Clohessy* court, in formulating the test for bystander emotional harm, did not include a physical presence requirement. It discussed but did not adopt, the "zone of danger" test for bystander recovery set forth in 2 Restatement (Second), Torts § 313 (1965), which was, at that time, adopted by thirteen jurisdictions. The "zone of danger" test requires a risk of bodily harm to, and necessarily the physical presence of, any plaintiff claiming emotional distress from the negligent infliction of physical injury upon another.

In adopting the rule of reasonable foreseeability in *Clohessy*, the court did set limitations in an effort to limit the scope of a defendant's duty to third parties. In formulating those limitations, it discussed at length the leading case of *Thing* v. *La Chusa*, 48 Cal. 3d 644, 771 P.2d 814, 257 Cal. Rptr. 865 (1989). *Thing* specifically requires, inter alia, that a plaintiff claiming emotional distress for physical injury to another be present at the accident scene. Id., 667. Although the Connecticut Supreme Court acknowledged that other jurisdictions had adopted the *Thing* limitations, it did not do so but formulated a different Connecticut rule. That rule does not require the physical presence of a plaintiff claiming

emotional distress resulting from injury to a loved one but only that such plaintiff have a contemporaneous sensory perception of the accident. The plaintiff, Miller has pleaded that she contemporaneously heard the collision and its aftermath.

For the above reasons, the defendants' motion to strike is denied.