# TRACEY HAYNES ET AL. *v.* CITY OF MIDDLETOWN
## (AC 30964)

DiPentima, Beach and Alvord, Js.*

Argued March 9—officially released June 22, 2010

---

\* The listing of judges reflects their seniority status on this court as of the date of oral argument.

*Michael L. Oh,* with whom, on the brief, were *William F. Gallagher* and *Mark A. Balaban,* for the appellants (plaintiffs).

*Matthew Dallas Gordon,* with whom was *Deirdre D. Stokes,* for the appellee (defendant).

*Opinion*

ALVORD, J. The named plaintiff, Tracey Haynes, filed this action as parent and next friend of the plaintiff, Jasmon Vereen,[1] her then minor son, and on her own behalf, for his medical expenses, against the defendant city of Middletown for injuries the plaintiff sustained when a fellow student pushed him into a broken locker in the men's locker room at Middletown High School. The plaintiffs appeal from the judgment of the trial court granting the defendant's motion to set aside the jury verdict in favor of the plaintiff in the amount of $30,000.[2] On appeal, the plaintiffs claim that the court improperly set aside the verdict on the ground of governmental immunity because (1) the defendant waived that defense by failing to request a jury charge on municipal immunity and (2) there was sufficient evidence of imminent harm for the plaintiff's claim to fall within the identifiable person, imminent harm exception to the immunity generally afforded municipalities for the negligent performance of discretionary acts. We conclude that the court properly set aside the jury verdict

---

[1] In this opinion, we refer to Vereen as the plaintiff, and to Vereen and Haynes collectively as the plaintiffs.

[2] The jury reduced that award by 33 percent for the plaintiff's comparative negligence. From our review of the record and transcript, it does not appear that a verdict form was submitted to the jury with respect to the damages initially sought in the complaint by Haynes individually for the plaintiff's medical expenses. The jury did not award her any damages.

on the ground of governmental immunity, although we reach that conclusion for reasons other than those stated by the court in its decision.[3]

The following facts reasonably could have been found by the jury. On March 15, 2005, the plaintiff and other students at Middletown High School were in the men's locker room after their physical education class. They had approximately five minutes to change out of their gym clothes before they were required to leave for their next scheduled class.[4] Despite a written policy against horseplay in the locker rooms and gymnasium areas given in a handout to the students taking physical education classes at the beginning of each school year, the plaintiff and some of the other students began engaging in horseplay. They were swinging each other around and trying to throw each other to the ground. One of the students pushed the plaintiff into a jagged, broken locker that, according to the testimony of two of the witnesses, had been in that condition since the fall of

---

[3] The court concluded that the plaintiff failed to prove that the risk of harm from the defective locker was limited in time. In its memorandum of decision filed March 31, 2009, the court stated: "There is no way to predict, by a preponderance of the evidence, when the imminent harm would have occurred, if at all. Therefore, there is no factual basis sufficient to demonstrate the risk of imminent harm, and the jury could not find that all of the elements of the exception were met."

Although we conclude that the plaintiff cannot prevail in this action, we do so for different reasons than those articulated by the trial court. We are "not required to reverse a ruling of the trial court which reached a correct result, albeit for a wrong reason." (Internal quotation marks omitted.) *Flagg Energy Development Corp.* v. *General Motors Corp.*, 244 Conn. 126, 151, 709 A.2d 1075 (1998).

[4] Robert Smernoff, one of the school's physical education teachers at the time of the incident, testified that there were seven periods during the school day. When the plaintiff's physical education class had ended, Smernoff unlocked the doors to the two locker rooms and monitored the locker rooms while the students were changing their clothes. He testified that horseplay was an issue at the school and that he tried to move the students along so the incoming class would not mix with the outgoing class. He also testified that sometimes the students would stay in the locker room past the allotted time in order to visit with the incoming students.

2004. The metal of the locker cut the plaintiff's arm. Although he does not plan on having plastic surgery, the injury left a scar.

The plaintiffs commenced the present action against the defendant seeking monetary damages. In their complaint filed March 30, 2007, they alleged that the plaintiff was a student at Middletown High School, that he was in the school's locker room with other students on March 15, 2005, for a physical education class, that there was a broken locker with an exposed jagged and rusty edge in that room, that the locker had been in that condition for a period long enough for the exposed metal to have become rusty and that the plaintiff was injured when he was pushed into the broken locker during school hours. The complaint alleged that the defendant and its agents, servants or employees[5] were negligent,[6] and that the action was being brought pursuant to General Statutes § 52-557n.[7] The defendant

---

[5] The plaintiffs' action is a direct action against the defendant city. They did not name any of the defendant's individual employees as defendants in this action.

[6] The plaintiffs alleged that the defendant was negligent in one or more of the following ways:

"(a) in that it knew or should have been aware of the condition of the broken, rusty, jagged locker before the incident;

"(b) in that it caused or allowed and permitted the locker to remain in disrepair in an area where students were required to pass;

"(c) in that it caused or allowed and permitted the broken, jagged, rusty locker to be exposed to persons required to be in said locker room;

"(d) in that said broken locker violated basic safety codes and presented a danger foreseeable to injure young men such as the plaintiff;

"(e) in that it maintained said property in the men's locker room in the aforesaid conditions;

"(f) in that it failed to repair or remedy said conditions when the same were reasonably necessary under the circumstances;

"(g) in that it failed to warn the plaintiff of the aforesaid conditions;

"(h) in that it failed to supervise the students to prevent them from going near the aforementioned dangerous condition; and

"(i) in that it failed to make proper and reasonable inspection."

[7] General Statutes § 52-557n (a) provides: "(1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of

denied the plaintiffs' allegations of negligence and pleaded special defenses of governmental immunity and comparative negligence. The plaintiffs replied to the defendant's special defenses with a general denial.

The case was tried before a jury on November 21, 2008. In support of their negligence claim, the plaintiffs presented two witnesses in addition to the plaintiff and submitted medical records, a student accident report and various photographs of the plaintiff's injury and the locker as full exhibits. At the close of the plaintiffs' case, the defendant moved for a directed verdict on the ground that the plaintiffs had presented no evidence to show that the alleged actions of the defendant were governed by any policies or procedures, as alleged in their complaint. The defendant argued that the lack of any such evidence demonstrated that the alleged negligent actions were discretionary and not ministerial, and that the doctrine of governmental immunity therefore would bar the plaintiffs' recovery. Counsel for the plaintiffs responded that "there is no question that this would be discretionary. It's not ministerial." He then argued that the identifiable person, imminent harm exception would apply because the "condition of the lockers . . . presented an imminent harm to [an] identifiable class of victims . . . the students in the

such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; (B) negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit; and (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149. (2) Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by: (A) Acts or omissions of any employee, officer or agent which constitute criminal conduct, fraud, actual malice or wilful misconduct; or (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law."

locker room." The defendant responded that the identifiable person, imminent harm exception solely applied to municipal employees and that it did not apply when the municipality is the only named defendant in a negligence action.[8] The court reserved judgment on the motion, and the defendant then presented its case to the jury.

Following the conclusion of the evidence and the parties' closing arguments, the court charged the jury on the law of negligence and comparative negligence. In that charge, the court recited seven of the nine claims of negligence set forth in the plaintiffs' complaint. The court omitted the allegations in the complaint that the broken locker violated basic safety codes and presented a danger foreseeable to injure young men such as the plaintiff and that the defendant failed to make proper and reasonable inspection. See footnote 6 of this opinion. The court did not give an instruction on the defendant's special defense of governmental immunity, nor did it give an instruction on the identifiable person, imminent harm exception to municipal immunity. Neither party had requested instructions addressed to governmental immunity or to the exceptions to governmental immunity, and neither party objected to the court's charge as given.

In addition to the exhibits admitted during the trial, the jurors received agreed on verdict forms and jury interrogatories prior to their deliberations. Again, none of the interrogatories addressed the issue of governmental immunity or an exception to that immunity. On

---

[8] The defendant conceded at oral argument before this court that *Grady* v. *Somers*, 294 Conn. 324, 984 A.2d 684 (2009), which was decided after the parties had filed their appellate briefs, resolved this issue contrary to the defendant's argument before the trial court. In *Grady*, our Supreme Court determined that the common-law identifiable person, imminent harm exception applies to the discretionary act immunity provided to municipalities in an action brought solely against a municipality pursuant to § 52-557n (a).

November 25, 2008, the jury returned a verdict in favor of the plaintiff and awarded him damages.[9] In the interrogatories, the jury indicated that the defendant was negligent, that its negligence was the proximate cause of the plaintiff's injury and that the plaintiff was 33 percent liable for his own injury. On December 2, 2008, the defendant, pursuant to Practice Book §§ 16-35 and 16-37, filed a motion to set aside the verdict and to render judgment in favor of the defendant, which the court granted. The court concluded that "governmental immunity insulates the [defendant] from the claim and verdict in this case." This appeal followed.

"The trial court possesses inherent power to set aside a jury verdict which, in the court's opinion, is against the law or the evidence." (Internal quotation marks omitted.) *Auster* v. *Norwalk United Methodist Church*, 94 Conn. App. 617, 620, 894 A.2d 329 (2006), aff'd, 286 Conn. 152, 943 A.2d 391 (2008). In the present case, we conclude that the court properly set aside the jury verdict because the verdict was against the law. We reach that conclusion because the defendant specially pleaded and proved that it was entitled to governmental immunity, but the plaintiffs failed to plead an exception to discretionary act immunity under § 52-557n (a) (2) (B) in their reply to the defendant's special defense.[10]

"The general rule is that governments and their agents are immune from liability for acts conducted in performance of their official duties. The common-law doctrine of governmental immunity has been statutorily enacted and is now largely codified in General Statutes § 52-557n." (Internal quotation marks omitted.) *Martin* v. *Westport*, 108 Conn. App. 710, 729, 950 A.2d 19 (2008).

---

[9] The plaintiff's verdict form requested only an award of noneconomic damages.

[10] At the time the defendant moved for a directed verdict at the close of the plaintiffs' case, the plaintiffs admitted that all of the alleged negligent actions of the defendant were discretionary in nature, not ministerial.

Section 52-557n (a) (1) sets forth the circumstances under which a municipality will be held liable for damages to a person. This statute provides in relevant part: "Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties . . . ." General Statutes § 52-557n (a) (1) (A). The statute also specifies two exceptions to the statutory abrogation of governmental immunity. The exception relevant to this appeal provides: "Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by . . . (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law." General Statutes § 52-557n (a) (2).

The determination of whether official acts or omissions are ministerial or discretionary is normally a question of fact, although there are cases in which it is apparent from the complaint that the alleged negligent actions or omissions necessarily involved the exercise of judgment and were discretionary as a matter of law. See *Swanson* v. *Groton*, 116 Conn. App. 849, 854, 977 A.2d 738 (2009). In this case, however, as previously noted, the plaintiffs already had conceded that the defendant's actions were discretionary in nature. Accordingly, the doctrine of governmental immunity would bar the plaintiffs' recovery for their claims unless an exception to governmental immunity was applicable to this case.[11] The only exception claimed to be applicable to the present case is the exception permitting a

---

[11] "The immunity from liability for the performance of discretionary acts by a municipal employee is subject to three exceptions or circumstances under which liability may attach even though the act was discretionary: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to

tort action in circumstances of likely imminent harm to an identifiable person. Accordingly, the plaintiff could prevail on his claim only by pleading and proving the sole relevant exception to discretionary act immunity.[12]

The plaintiffs filed a general denial to the defendant's specially pleaded defense of governmental immunity. When the defendant moved for a directed verdict at the conclusion of the evidence in the plaintiffs' case, they indicated that the identifiable person, imminent harm exception was applicable to the facts of the case. The plaintiffs did not, however, move to amend their reply to allege the identifiable person, imminent harm exception to governmental immunity. See *Violano* v. *Fernandez*, 280 Conn. 310, 325–26, 907 A.2d 1188 (2006). When the plaintiffs conceded that the defendant's actions were discretionary, it then clearly was the plaintiffs' burden to plead[13] and to

imminent harm . . . second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." (Citations omitted.) *Evon* v. *Andrews*, 211 Conn. 501, 505, 559 A.2d 1131 (1989).

[12] "The imminent harm exception to discretionary act immunity applies when the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . . By its own terms, this test requires three things: (1) an imminent harm; (2) an identifiable victim; and (3) a public official to whom it is apparent that his or her conduct is likely to subject that victim to that harm. . . . [T]his exception to the general rule of governmental immunity for employees engaged in discretionary activities has received very limited recognition in this state. . . . If the plaintiffs fail to establish any one of the three prongs, this failure will be fatal to their claim that they come within the imminent harm exception." (Citations omitted; internal quotation marks omitted.) *Violano* v. *Fernandez*, 280 Conn. 310, 329, 907 A.2d 1188 (2006).

In its appellate brief, the defendant conceded that the plaintiff would be an identifiable person for purposes of the exception. "[W]e have established specifically that schoolchildren who are statutorily compelled to attend school, during school hours on school days, can be an identifiable class of victims." *Purzycki* v. *Fairfield*, 244 Conn. 101, 109, 708 A.2d 937 (1998).

[13] "Pleadings have an essential purpose in the judicial process. . . . The purpose of pleading is to apprise the court and opposing counsel of the

prove[14] the exception to that immunity. Pursuant to Practice Book § 10-57, a "[m]atter in avoidance of affirmative allegations in an answer or counterclaim shall be specially pleaded in the reply. . . ." The plaintiffs failed to comply with the rules of practice and failed to place this issue before the jury.[15]

Accordingly, our plenary review of the pleadings; see *Petitte* v. *DSL.net, Inc.*, 102 Conn. App. 363, 374, 925

issues to be tried . . . . For that reason, [i]t is imperative that the court and opposing counsel be able to rely on the statement of issues as set forth in the pleadings." (Citations omitted; internal quotation marks omitted.) *Somers* v. *Chan*, 110 Conn. App. 511, 528, 955 A.2d 667 (2008). It is fundamental in our law that "the right of a plaintiff to recover is limited by the allegations of the complaint . . . and any judgment should conform to the pleadings, the issues and the prayers for relief." (Internal quotation marks omitted.) *Journal Publishing Co.* v. *Hartford Courant Co.*, 261 Conn. 673, 686, 804 A.2d 823 (2002). "The [trial] court is not permitted to decide issues outside of those raised in the pleadings." (Internal quotation marks omitted.) *Gaffey* v. *Gaffey*, 91 Conn. App. 801, 804 n.1, 882 A.2d 715, cert. denied, 276 Conn. 932, 890 A.2d 572 (2005). "Facts found but not averred cannot be made the basis for a recovery." (Internal quotation marks omitted.) *Moulton Bros., Inc.* v. *Lemieux*, 74 Conn. App. 357, 361, 812 A.2d 129 (2002).

[14] "It is an elementary rule that whenever the existence of any fact is necessary in order that a party may make out his case or establish his defense, the burden is on such party to show the existence of such fact." (Internal quotation marks omitted.) *Zhang* v. *Omnipoint Communications Enterprises, Inc.*, 272 Conn. 627, 645, 866 A.2d 588 (2005), quoting *Nikitiuk* v. *Pishtey*, 153 Conn. 545, 552, 219 A.2d 225 (1966); see C. Tait, Connecticut Evidence (3d Ed. 2001) § 3.3.1, p. 136 ("[w]hoever asks the court to give judgment as to any legal right or liability has the burden of proving the existence of the facts essential to his or her claim or defense"). "The burden of proof in any proceeding lies at first on that party against whom the judgment of the court would be given if no evidence at all were produced on either side." (Internal quotation marks omitted.) *Nikitiuk* v. *Pishtey*, supra, 552–53.

[15] Although the jury found the defendant's actions or omissions with respect to the broken locker to be negligent, the jury did not find that the defendant's negligence subjected the plaintiff to imminent harm. There was no jury instruction or jury interrogatory addressed to the issue of imminent harm, nor could the issue properly have been submitted to the jury because the exception had not been pleaded by the plaintiffs. The question of the existence of imminent harm is a factual one. The fact finder must assess the credibility and the weight to be given the testimony of the witnesses to make that determination. See *Tryon* v. *North Branford*, 58 Conn. App. 702, 716, 755 A.2d 317 (2000).

A.2d 457 (2007); discloses that the plaintiffs never made the applicability of the identifiable victim, imminent harm exception to discretionary act immunity a legal issue in the case because they failed to plead it in their complaint or in their reply to the defendant's special defense of governmental immunity. Without a jury finding that the defendant's negligence subjected the plaintiff to imminent harm, the plaintiff legally could not prevail on his negligence claim. We therefore conclude that the plaintiff was not entitled to judgment and that the court properly set aside the jury verdict in his favor.

The judgment is affirmed.

In this opinion the other judges concurred.