TOM SILBERSTEIN ET AL. *v.* 54 HILLCREST
PARK ASSOCIATES, LLC, ET AL.
(AC 32961)

Gruendel, Bear and Bishop, Js.

___

Argued January 5—officially released May 8, 2012

*John B. Farley*, with whom were *Coleman C. Duncan* and, on the brief, *Dan E. LaBelle*, for the appellants (plaintiffs).

*Russell N. Jarem*, with whom, on the brief, was *Jon Berk*, for the appellees (defendant Hillcrest Park Tax District et al.).

Opinion

GRUENDEL, J. The plaintiffs, Tom Silberstein and Elizabeth Newman, appeal from the summary judgment rendered by the trial court in favor of the defendants Hillcrest Park Tax District and Hillcrest Park Association, Inc.[1] On appeal, the plaintiffs claim that the court erred in holding that their negligence claim was barred by the doctrine of governmental immunity. We affirm the judgment of the trial court.

The record, viewed in the light most favorable to the plaintiffs; see *Martinelli* v. *Fusi*, 290 Conn. 347, 350, 963 A.2d 640 (2009); reveals the following facts. The plaintiffs own a home and property located at 7 Ricky Beth Lane in the Hillcrest Park neighborhood of Old Greenwich. The defendants are the tax association and private tax district for the Hillcrest Park neighborhood.

---

[1] The operative complaint for purposes of this appeal is the amended third revised complaint, filed October 7, 2008, which contains twenty-two counts sounding in trespass, negligent misrepresentation, nuisance, negligence, breach of fiduciary duty and violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. The complaint names multiple defendants, including, inter alia, individual homeowners and builders. The motion for summary judgment at issue on appeal concerns only counts twenty, twenty-one and twenty-two, which allege breach of fiduciary duty, negligence and violation of CUTPA as to Hillcrest Park Tax District and Hillcrest Park Association, Inc. Accordingly, we refer to Hillcrest Park Tax District and Hillcrest Park Association, Inc., as the defendants.

The plaintiffs are members of the association. The plaintiffs' property is located within the tax district, and the plaintiffs pay annual taxes to the tax district.

In 2002, three families petitioned the tax district for permission to subdivide a parcel of property located at 54 Hillcrest Park Road into two lots, upon which two new houses would be built. The subdivision plan was approved by a special vote of tax district members on November 6, 2002. Thereafter, the land was subdivided and two houses, known as 50 and 54 Hillcrest Park Road, were constructed on the subdivided parcel. The plaintiffs' property is located below Hillcrest Park Road, at the base of a 52.8 acre watershed. The plaintiffs allege that, following the construction of the two houses on the subdivided parcel, they began to experience "severe and excessive flooding" on their property. The plaintiffs advised the defendants of the flooding and, in 2007, tax district members approved an expenditure for the purpose of conducting a watershed study. The plaintiffs claim that the defendants refused to hire an engineer to conduct that study.

The plaintiffs commenced the present litigation in 2007. Their amended third revised complaint contained three counts against the defendants, alleging breach of fiduciary duty, negligence and violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. The plaintiffs' negligence claim alleged that the defendants, inter alia, failed to properly maintain the roads and drainage systems in the Hillcrest Park neighborhood, resulting in the periodic flooding of the plaintiffs' property.[2] On February 26, 2010, the defendants filed a motion for summary judgment, to which they attached in support thereof (1) the affidavit of tax

[2] The plaintiffs have not appealed from the summary judgment rendered in favor of the defendants on the breach of fiduciary duty or unfair trade practices claims.

district officer Alfred Heynen; (2) the affidavit of tax district secretary Henry Lim, with exhibits; (3) the deposition testimony of Donald T. Ballou, an engineer; and (4) the deposition testimony of Elizabeth Newman. See Practice Book § 17-45. Following argument thereon, the court rendered summary judgment in favor of the defendants. The court denied the plaintiffs' motion to reargue, and this appeal followed. Additional facts will be set forth as they become necessary.

Before considering the claims presented on appeal, we note the well established standard of review. "Practice Book § [17-49] requires that judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A material fact is a fact that will make a difference in the result of the case. . . . The facts at issue are those alleged in the pleadings. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . . The party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. See Practice Book §§ [17-44 and 17-45]. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . . A motion for summary judgment is properly granted if it raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact. . . . Our review of the trial court's decision to grant a motion for summary judgment is plenary." (Citation omitted; internal quotation marks omitted.) *Weiner*

v. *Clinton*, 106 Conn. App. 379, 382–83, 942 A.2d 469 (2008).

The plaintiffs contend that the court erred in holding that their negligence claim was barred by the doctrine of governmental immunity. We conclude that the court properly rendered summary judgment in favor of the defendants on the ground that they were immune from liability for their discretionary acts.

The principles of governmental immunity are well established. "The general rule is that governments and their agents are immune from liability for acts conducted in performance of their official duties. The common-law doctrine of governmental immunity has been statutorily enacted and is now largely codified in General Statutes § 52-557n." (Internal quotation marks omitted.) *Martin* v. *Westport*, 108 Conn. App. 710, 729, 950 A.2d 19 (2008). Section 52-557n governs municipal immunity[3] and provides in relevant part: "(a) (1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties . . . . (2) Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by . . . (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law. . . .

"[W]hile a municipality is generally liable for the ministerial acts of its agents, § 52-557n (a) (2) (B) explicitly

---

[3] A legally created tax district is a "quasi-municipal corporation . . . governed by the law applicable to municipal corporations." (Citations omitted.) *Stroiney* v. *Crescent Lake Tax District*, 205 Conn. 290, 294, 533 A.2d 208 (1987).

shields a municipality from liability for damages to person or property caused by the negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law. . . . The hallmark of a discretionary act is that it requires the exercise of judgment. . . . In contrast, [m]inisterial refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." (Citation omitted; internal quotation marks omitted.) *Coe* v. *Board of Education*, 301 Conn. 112, 117–18, 19 A.3d 640 (2011). "The issue of governmental immunity is simply a question of the existence of a duty of care, and this court has approved the practice of deciding the issue of governmental immunity as a matter of law." (Internal quotation marks omitted.) *Doe* v. *Petersen*, 279 Conn. 607, 613, 903 A.2d 191 (2006).

I

As a preliminary matter, we must determine whether the defendants had a duty to maintain and repair the storm drains and sewers in the Hillcrest Park neighborhood. The plaintiffs' arguments are premised on an assumption that the defendants had such a duty. The defendants argue that they owed no duty to the plaintiffs, obviating the need for a governmental immunity analysis.

The following additional facts are necessary to our resolution of this issue. The defendant tax association was formed by Hillcrest Park landowners on June 2, 1951. Its articles of association provide in relevant part: "The purposes for which said corporation is formed are the following, to wit: To provide for the care and maintenance of certain roads . . . presently maintained by the landowners of said Hillcrest Park; to provide for the protection of the inhabitants of properties using said roads; to care for and maintain said roads;

and to make all lawful contracts and do all lawful things relating to the purposes of its incorporation and necessary or expedient to carry out the same."

The defendant tax district was created in 1985, pursuant to General Statutes § 7-324 et seq.[4] Upon its formation, the tax district assumed the maintenance activities previously performed by the association. Its bylaws state that they are to govern the management of the Hillcrest Park tax district.[5] The bylaws provide in relevant part: "Purposes of the Tax District. The purposes to be accomplished by the formation of the [t]ax [d]istrict may be to light the streets; to plant and care for shade and ornamental trees and shrubbery; to construct and maintain roads, sidewalks, crosswalks, grates, drains, storm sewers, sanitary sewers, underground utilities and to install and maintain fire hydrant and water lines required in connection therewith; to establish park security and safety procedures; and to collect garbage, ashes and all other refuse matter in any portion of such district and provide for the disposal of such matter."

On the basis of this evidence, we conclude that the defendants voluntarily undertook to construct and

---

[4] General Statutes §§ 7-324 through 7-329 govern "any fire district, sewer district, fire and sewer district, lighting district, village, beach or improvement association and any other district or association, except a school district, wholly within a town and having the power to make appropriations or to levy taxes. . . ." General Statutes § 7-324. We note that the defendant tax district, in its discretion, could hold the plaintiffs responsible for the cost of any repairs that "specially benefited" the plaintiffs' property. General Statutes § 7-328 (a).

[5] The bylaws provide: "These By-Laws provide for the management of the Hillcrest Park Tax District . . . and implement the provisions of applicable statutes of the State of Connecticut. It is purposely that less than all of the legislative grant of authority has been adopted by the Tax District. The By-Laws have been carefully drawn to restrict the scope and powers of the Tax District to meet the perceived needs of the Tax District. Accordingly, where the provisions of the By-Laws are narrower than the provisions of the applicable statutes, the By-Laws shall govern unless otherwise demanded by law."

maintain the roads, drains and storm sewers in Hillcrest Park. The defendants therefore had a duty to maintain and repair the storm drains and sewers in the Hillcrest Park neighborhood.

## II

The plaintiffs argue that the defendants' maintenance of the roads, storm drains and sewers in Hillcrest Park is a ministerial function.[6] We disagree and conclude, under the circumstances of this case, that the defendants' maintenance of the roads, storm drains and sewers was discretionary in nature.

"Although the determination of whether official acts or omissions are ministerial or discretionary is normally a question of fact for the fact finder . . . there are cases where it is apparent from the complaint . . . [that] [t]he determination of whether an act or omission is discretionary in nature and, thus, whether governmental immunity may be successfully invoked pursuant to [General Statutes] § 52-557n (a) (2) (B), turns on the character of the act or omission complained of in the complaint. . . . Accordingly, where it is apparent from the complaint that the defendants' allegedly negligent acts or omissions necessarily involved the exercise of judgment, and thus, necessarily were discretionary in nature, summary judgment is proper." (Internal quotation marks omitted.) *Swanson* v. *Groton*, 116 Conn. App. 849, 854, 977 A.2d 738 (2009).

As our Supreme Court has explained, "[m]unicipal officials are immunized from liability for negligence arising out of their discretionary acts in part because of the danger that a more expansive exposure to liability would cramp the exercise of official discretion beyond

---

[6] The plaintiffs argue, in the alternative, that a question of fact exists as to whether the defendants' actions were ministerial in nature and that the court abused its discretion when it denied the plaintiffs' motion for reargument on this issue. We conclude that this claim is without merit.

the limits desirable in our society. . . . Discretionary act immunity reflects a value judgment that—despite injury to a member of the public—the broader interest in having government officers and employees free to exercise judgment and discretion in their official functions, unhampered by fear of second-guessing and retaliatory lawsuits, outweighs the benefits to be had from imposing liability for that injury. . . . In contrast, municipal officers are not immune from liability for negligence arising out of their ministerial acts . . . . This is because society has no analogous interest in permitting municipal officers to exercise judgment in the performance of ministerial acts." (Citations omitted; internal quotation marks omitted.) *Doe* v. *Petersen*, supra, 279 Conn. 614–15.

"The hallmark of a discretionary act is that it requires the exercise of judgment. . . . In contrast, [m]inisterial refers to a duty which is to be performed *in a prescribed manner without the exercise of judgment or discretion*." (Emphasis added; internal quotation marks omitted.) *Coe* v. *Board of Education*, supra, 301 Conn. 118. If the acts or omissions complained of are not imposed in the form of a general legal duty, they must, in order to be characterized as ministerial, be "required by [a] . . . charter provision, ordinance, regulation, rule, policy, or any other directive . . . that prescribe[s] the manner in which [they are to be performed]." (Citations omitted.) *Violano* v. *Fernandez*, 280 Conn. 310, 323–24, 907 A.2d 1188 (2006); see also *Benedict* v. *Norfolk*, 296 Conn. 518, 520 n.4, 997 A.2d 449 (2010) ("for the purposes of § 52-557n, municipal acts that would otherwise be considered discretionary will only be deemed ministerial if a policy or rule limiting discretion in the completion of such acts exists").

In support of their argument that the defendants' maintenance of the storm drains and sewers in the Hillcrest Park neighborhood is ministerial in nature, the

plaintiffs rely on *Spitzer* v. *Waterbury*, 113 Conn. 84, 154 A. 157 (1931). In that case, our Supreme Court concluded that a municipality's construction and repair of storm water sewers and drains was ministerial because it was "incidental to" the municipality's statutorily imposed duty to maintain its streets and highways. Id., 88. The court reasoned: "The duty imposed by statute upon the municipality to maintain the highways within its limits makes it necessary for the municipality to dispose of all surface water falling upon them." Id., 87. Thus, the municipality was legally obligated to maintain and repair the drains. In contrast to the municipality in *Spitzer*, the defendants in the present case are not charged with having failed to fulfill a duty that was *imposed* upon them by statute. Rather, the plaintiffs claim that the defendants negligently failed to carry out a duty that they assumed pursuant to the tax district bylaws. The tax district bylaws, however, do not prescribe the specific manner in which the duty to maintain and repair the roads, drains and storm sewers is to be performed. Given these factual distinctions, we are not persuaded that *Spitzer* controls our resolution of this issue.

Since *Spitzer*, our Supreme Court has refined its analysis of the relationship and differences between ministerial and discretionary acts to determine whether a municipal or quasi-municipal entity is subject to or exempt from liability. " 'If by statute or other rule of law the official's duty is clearly ministerial rather than discretionary, a cause of action lies for an individual injured from allegedly negligent performance. . . . [See] *Blake* v. *Mason*, 82 Conn. 324, 327, 73 A. 782 (1909) (ministerial act is one which person performs in given state of facts, in prescribed manner, in obedience to mandate of legal authority, without regard to or exercise of own judgment on propriety of act being done).' . . . *Grignano* v. *Milford*, 106 Conn. App. 648, 654, 943

A.2d 507 (2008). There is a difference between laws that impose general duties on officials and those that mandate a particular response to specific conditions. See *Violano* v. *Fernandez*, supra, 280 Conn. 323 ('the plaintiffs in the present case have failed to allege that the acts or omissions complained of were ministerial in nature because . . . the plaintiffs have not alleged that [the defendant official] was required by any city charter provision, ordinance, regulation, rule, policy, or any other directive to secure the property in any prescribed manner'); *Soderlund* v. *Merrigan*, 110 Conn. App. 389, 399, 955 A.2d 107 (2008) . . . ." *Bonington* v. *Westport*, 297 Conn. 297, 308–309, 999 A.2d 700 (2010).

In the present case, the defendant tax district is a quasi-municipal corporation, created pursuant to statute for a limited and defined purpose. Its bylaws state clearly that a purpose to be accomplished by its formation is "to construct and maintain roads . . . drains, [and] storm sewers . . . ." The bylaws do not, however, prescribe the *manner* in which the roads and drainage systems are to be maintained, and there is no evidence in the record of any procedure or directive governing the manner of their maintenance. Given this lack of directive, the manner in which the defendants discharge their duty to maintain the roads and drainage systems plainly involves the exercise of judgment and discretion. We conclude, therefore, that the defendants' maintenance of the roads, storm drains and sewers was discretionary in nature. See *Evon* v. *Andrews*, 211 Conn. 501, 506, 559 A.2d 1131 (1989); see also *Violano* v. *Fernandez*, supra, 280 Conn. 321–24.

III

The plaintiffs argue further that, if the defendants' maintenance and repair of the roads, storm drains and sewers was discretionary, they have alleged facts sufficient to fall within the identifiable person, imminent

harm exception to governmental immunity for discretionary acts. We disagree.

There exist three exceptions to discretionary act immunity. "Each of these exceptions represents a situation in which the public official's duty to act is [so] clear and unequivocal that the policy rationale underlying discretionary act immunity—to encourage municipal officers to exercise judgment—has no force. . . . First, liability may be imposed for a discretionary act when the alleged conduct involves malice, wantonness or intent to injure. . . . Second, liability may be imposed for a discretionary act when a statute provides for a cause of action against a municipality or municipal official for failure to enforce certain laws. . . . Third, liability may be imposed when the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . ." (Citations omitted; internal quotation marks omitted.) *Doe* v. *Petersen*, supra, 279 Conn. 615–16.

"[T]he identifiable person, imminent harm exception . . . applies when the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . . By its own terms, this test requires three things: (1) an imminent harm; (2) an identifiable victim; and (3) a public official to whom it is apparent that his or her conduct is likely to subject that victim to that harm. . . . We have stated previously that this exception to the general rule of governmental immunity for employees engaged in discretionary activities has received very limited recognition in this state. . . . If the plaintiffs fail to establish any one of the three prongs, this failure will be fatal to their claim that they come within the imminent harm exception." (Internal quotation marks omitted.) *Grady* v. *Somers*, 294 Conn.

324, 350, 984 A.2d 684 (2009). "[W]hether a particular plaintiff comes within a cognizable class of foreseeable victims for purposes of this narrowly drawn exception to qualified immunity ultimately is a question of law for the courts, in that it is in effect a question of whether to impose a duty of care." (Internal quotation marks omitted.) Id., 351.

"For the harm to be deemed imminent, the potential for harm must be sufficiently immediate." (Internal quotation marks omitted.) *Cotto* v. *Board of Education*, 294 Conn. 265, 276, 984 A.2d 58 (2009). The risk of harm must be temporary and of short duration. *Purzycki* v. *Fairfield*, 244 Conn. 101, 110–11, 708 A.2d 937 (1998). "Imminent harm" excludes risks that might occur, if at all, at some unspecified time in the future. *Evon* v. *Andrews*, supra, 211 Conn. 508; see also *Doe* v. *Board of Education*, 76 Conn. App. 296, 305–306, 819 A.2d 289 (2003).

In the present case, the plaintiffs' claim of flooding is necessarily unlimited as to duration and episodic as to occurrence. The plaintiffs allege that the flooding of their property occurred during periods of heavy rainfall, over a period of years.[7] Harm of this nature could occur at any time in the future, or not at all. Accordingly, the plaintiffs have not alleged a harm that comes within the identifiable person, imminent harm exception to governmental immunity. See *Evon* v. *Andrews*, supra, 211 Conn. 508; *Doe* v. *Board of Education*, supra, 76 Conn. App. 305–306. We conclude, therefore, that the defendants are entitled to governmental immunity for their discretionary acts.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[7] The plaintiffs allege that, from 2004 to 2007, their property was flooded on "at least six occasions during rainfall."