TRACEY HAYNES ET AL. *v.* CITY OF MIDDLETOWN
(AC 30964)

Lavine, Robinson and Schaller, Js.

Argued January 8—officially released May 21, 2013

*Hugh D. Hughes*, with whom, on the brief, were *William F. Gallagher* and *Mark A. Balaban*, for the appellants (plaintiffs).

*Matthew Dallas Gordon*, with whom, on the brief, were *Ruth Kurien* and *Nicholas N. Ouellette*, for the appellee (defendant).

*Opinion*

LAVINE, J. More than eight years ago, following a physical education class at Middletown High School (school), a group of boys were engaged in horseplay in the boys locker room. One student pushed the plaintiff Jasmon Vereen into a locker with an exposed jagged and rusted edge that had been in that condition approximately one half of the school year. Vereen suffered a cut on his arm that left a scar. This case is the result.

This appeal returns to this court on remand from our Supreme Court. See *Haynes* v. *Middletown*, 306 Conn. 471, 475, 50 A.3d 880 (2012). The plaintiffs, Tracey Haynes, as the parent and next friend of the then minor

Vereen, and Vereen individually,[1] appealed from the judgment rendered by the trial court when it set aside the jury verdict and rendered judgment in favor of the defendant, the city of Middletown. On appeal, the plaintiffs claim that the court improperly set aside the verdict because (1) the defendant waived its special defense of governmental immunity by failing to request that the court charge the jury with respect to said special defense and (2) it erred in concluding that there was insufficient evidence of imminent harm. We affirm the judgment of the trial court

The following facts underlie this personal injury action. See *Haynes* v. *Middletown*, 122 Conn. App. 72, 74, 997 A.2d 636 (2010), rev'd, 306 Conn. 471, 50 A.3d 880 (2012). On March 15, 2005, following their physical education class, Vereen and other students were changing their clothes in the boys' locker room. Although the school had informed students in writing that horseplay in the locker room was not permitted, Vereen and other students were engaged in horseplay at the time. Another student, Andre Francis, pushed Vereen into a locker with an exposed jagged and rusted edge. Vereen suffered a cut on his arm that left a scar. According to Vereen and Francis, the locker had been in a broken condition since the beginning of the school year.

As a result of Vereen's injury, the plaintiffs commenced an action against the defendant seeking monetary damages. The plaintiffs alleged that Vereen was a student at the school who was in the locker room with other students on March 15, 2005, for a physical education class. They also alleged that there was a broken locker with an exposed jagged edge in the locker room and that the locker had been in that condition long enough for the exposed metal to have become rusty.

---

[1] In this opinion, we refer to Haynes and Vereen collectively as the plaintiffs and to Vereen individually by name where appropriate.

Moreover, Vereen was injured when he was pushed into the broken locker during school hours. The complaint also alleged that the defendant and its agents, servants or employees were negligent, and that the action was being brought pursuant to General Statutes § 52-557n.[2] The defendant denied the plaintiffs' allegations of negligence and asserted the special defenses of governmental immunity and comparative negligence. The plaintiffs replied to the defendant's special defenses with a general denial.

The case was tried to a jury in November, 2008. At the conclusion of the plaintiffs' case, the defendant filed a written motion for a directed verdict "on the ground that the plaintiffs had presented no evidence to show that the alleged actions of the defendant were governed by any policies or procedures, as alleged in their complaint. The defendant argued that the lack of any such evidence demonstrated that the alleged negligent actions were discretionary and not ministerial, and that the doctrine of discretionary governmental immunity therefore would bar the plaintiffs' recovery." Counsel for the plaintiffs acknowledged that the alleged negligent acts were discretionary in nature but that the identifiable person, imminent harm exception to governmental immunity applied because the condition of the locker presented an imminent harm to an identifiable class of victims, i.e., students in the locker room.[3] The court reserved judgment on the defendant's motion for a directed verdict, and the defendant presented its case.

[2] General Statutes § 52-557n (a) provides in relevant part: "(2) Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by . . . (B) negligent acts or omission which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law."

[3] Despite having argued the applicability of the identifiable person, imminent harm exception in response to the defendant's motion for a directed verdict, the plaintiffs never amended their general denial of the defendant's governmental immunity special defense.

None of the parties filed a request to charge with respect to governmental immunity or any exception thereto, and the court did not instruct the jury on those legal principles. On November 25, 2008, the jury returned a verdict in favor of Vereen, although it found him to have been 33 percent responsible for his injury. On December 2, 2008, the defendant filed a motion to set aside the verdict and to render judgment in its favor.[4] After the parties had briefed the issue and presented the court with oral arguments, the court issued a memorandum of decision on March 31, 2009; see Practice Book § 16-38; in which the court granted the defendant's motion to set aside the verdict and rendered judgment in its favor.

The plaintiffs appealed to this court claiming that "the court improperly set aside the verdict on the ground of governmental immunity because (1) the defendant waived that defense by failing to request a charge on municipal immunity and (2) there was sufficient evidence of imminent harm for the plaintiffs' claim to fall within the identifiable person, imminent harm exception to the immunity generally afforded municipalities for the negligent performance of discretionary acts." *Haynes* v. *Middletown,* supra, 122 Conn. App. 73. A panel of this court concluded that the trial court properly set aside the jury verdict because the verdict was contrary to the law because "the plaintiffs never made the applicability of the identifiable victim, imminent harm exception to discretionary act immunity a legal issue in the case because they failed to plead it in their complaint or in their reply to the defendant's special defense of governmental immunity."[5] Id., 82. The panel therefore affirmed the court's judgment in the defendant's favor. Id.

---

[4] See Practice Book §§ 16-35 and 16-37.

[5] Practice Book § 10-57 provides in relevant part: "Matter in avoidance of affirmative allegations in an answer or counterclaim shall be specially pleaded in the reply. . . ."

Thereafter, the plaintiffs filed a petition for certification to appeal in our Supreme Court. The petition was granted.[6] See *Haynes* v. *Middletown*, 298 Conn. 907, 3 A.3d 70 (2010). After hearing the plaintiffs' appeal, our Supreme Court concluded that this court erred in affirming the judgment of the trial court on the basis of a claim not raised by the parties as the "issue of the plaintiffs' failure to plead the identifiable victim, imminent harm exception to discretionary act immunity in their complaint or in their reply to the defendant's special defense of governmental immunity had not been raised or briefed prior to oral argument before the Appellate Court . . . ." *Haynes* v. *Middletown*, supra, 306 Conn. 473–74. The Supreme Court reversed the judgment of this court and remanded the case with direction for consideration of the pleading "issue only after affording the parties the opportunity to brief and argue that issue." Id., 475.

On remand, we ordered the parties to file supplemental briefs on the effect, if any, of the plaintiffs' failure to plead the identifiable victim, imminent harm exception to governmental immunity for discretionary acts in reply to the defendant's special defense of governmental immunity. Following our review of the parties' original and supplemental briefs and after oral argument, we have determined that the plaintiffs' appeal can be resolved on the basis of their original appellate claims and that supplemental briefing was not necessary. We conclude that the defendant did not waive its special defense of governmental immunity by failing to request a jury instruction and that the court properly determined that the plaintiffs had not produced sufficient evidence of imminent harm to prevail on the

[6] The Supreme Court granted the petition for certification to appeal limited to the following issue: "Did the Appellate Court properly affirm the trial court's [order] setting aside the jury's verdict because the plaintiffs failed to plead the imminent harm exception to municipal immunity in their reply?" *Haynes* v. *Middletown*, 298 Conn. 907, 3 A.3d 70 (2010).

exception to governmental immunity for discretionary acts.

We now summarize the relevant portions of the court's thorough and detailed memorandum of decision on the defendant's motion to set aside the verdict and motion for directed verdict. The court first recited the relevant factual allegations of the plaintiffs' complaint, particularly the allegations regarding the condition of the subject locker. The plaintiffs alleged that the locker had been broken prior to this incident and specifically that "the defendant was negligent in that it knew or should have been aware of the condition of the broken, rusty, jagged locker before the incident; it caused or allowed and permitted the locker to remain in disrepair in an area where students were required to pass; it caused or allowed and permitted the broken, jagged, rusty locker to be exposed to persons required to be in said locker room," among other allegations of negligence. The court found that only the defendant's governmental immunity defense was relevant to its motion to set aside the verdict.

The court found that the defendant moved for a directed verdict after the plaintiffs rested their case because the plaintiffs had not provided evidence of any rule, policy, or directive requiring the defendant to undertake any specific safety precautions in connection with the inspection and repair of the lockers, and if there were a general policy concerning locker maintenance, repairing it was within the discretion of the defendant's employees. The defendant argued that the plaintiffs' action was barred by governmental immunity. The court agreed that repair of the lockers in the absence of evidence to the contrary was within the defendant's discretion.[7] Importantly, the court found that Vereen and Francis had testified that the subject

[7] The plaintiffs conceded that the issue of repair was discretionary.

locker had been broken since the beginning of the school year and that Vereen had been in the locker room on numerous occasions prior to the incident.

In opposing the defendant's motion to set aside the verdict, the plaintiffs argued that the defendant had waived its right to rely on its special defense of governmental immunity because the defendant had not requested that the court instruct the jury on that special defense. The plaintiffs relied on Practice Book § 16-21,[8] arguing that to claim the benefit of § 52-557n, the defendant had to file a request to charge on governmental immunity. The court disagreed, noting that "[c]laiming error in the charge to the jury and claiming error in the verdict as against [the] evidence are two distinct grounds for granting a motion to set aside." See *Phenning* v. *Silansky*, 144 Conn. 223, 224, 129 A.2d 224 (1957) (court's decision may be sustained on any valid ground). The court found that the defendant's motion to set aside the verdict was sufficiently in accord with its motion for a directed verdict, which alerted both the court and the plaintiffs to the issue of insufficient evidence.

The court concluded, as a matter of law, that the negligent acts alleged by the plaintiffs were discretionary, and then addressed the identifiable person, imminent harm exception to governmental immunity for discretionary acts. To prevail on that exception, the plaintiffs had to prove imminent harm, an identifiable victim, and a public official to whom it was apparent that his or her conduct is likely to subject the victim to that harm. See *Doe* v. *Petersen*, 279 Conn. 607, 616, 903 A.2d 191 (2006). The court found that the plaintiffs had not met their burden of proof because they had

[8] Practice Book § 16-21 provides in relevant part: "Any party intending to claim the benefit of . . . the provisions of any specific statute shall file a written request to charge on the legal principle involved."

not proved imminent harm. To meet the imminent harm prong, the risk must be temporary and of short duration. The imminent harm prong is not met if the harm can occur, if at all, at some unspecified time in the future. See *Evon* v. *Andrews*, 211 Conn. 501, 508, 559 A.2d 1131 (1989). The court concluded that the question turned on "whether there [was] sufficient evidence to show that the locker *itself,* without the attendant need for supervision, presented a foreseeable dangerous condition that was limited in duration and geographic scope." (Emphasis in original.) To answer that question, the court analyzed the fact patterns in numerous trial and appellate court cases.

The court found that the plaintiffs had pleaded that the defendant "permitted the broken, jagged, rusty lock to be exposed to persons required to be in the locker room" and had failed to present sufficient evidence as to temporal limitations of the exception. The evidence demonstrated that the locker had been broken for approximately one half of the school year before Vereen was injured and that the temporal facts of this case were similar to those in *Evon* v. *Andrews,* supra, 211 Conn. 508, where the harm could have happened at any time, or not at all. The court concluded that there was no way to predict, by the preponderance of the evidence, when the imminent harm would have occurred, if at all. Thus there was no factual basis sufficient to demonstrate the risk of imminent harm and, as a matter of law, no jury reasonably could have found that all the elements of the identifiable person, imminent harm exception to governmental immunity had been met. It therefore set aside the jury's verdict and rendered judgment for the defendant.

Before addressing the plaintiffs' claims, we set forth the standard of review. "The rules controlling appellate review of a directed verdict are well settled. Directed

verdicts are not generally favored. A trial court's decision to direct a verdict can be upheld only when the jury could not reasonably and legally have reached any other conclusion. . . . We review a trial court's decision to direct a verdict for the defendant by considering all of the evidence, including reasonable inferences, in the light most favorable to the plaintiff." (Internal quotation marks omitted.) *Krondes* v. *Norwalk Savings Society*, 53 Conn. App. 102, 112, 728 A.2d 1103 (1999). "If the evidence would not reasonably support a finding of the particular issue, the trial court has a duty not to submit it to the jury." (Internal quotation marks omitted.) *DiDomizio* v. *Frankel*, 44 Conn. App. 597, 600, 691 A.2d 594 (1997).

"A trial court may set aside or direct a verdict on a finding that the verdict is manifestly unjust because the jury, on the basis of the evidence presented, mistakenly applied a legal principle or because there is no evidence to which the legal principles of the case can be applied. . . . While we do not attempt to substitute our judgment for that of the trial judge, we must determine whether the jury award was such that the trial judge could have properly substituted his judgment for that of the jury. . . . To determine whether the trial court abused its legal discretion, this court must consider the entire record and all of the evidence. . . . A trial court's ruling to set aside the verdict will not be overturned on appeal unless the trial court abused its discretion. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done. . . . [Moreover, we do not] determine whether a conclusion different from the one reached could have been reached." (Internal quotation marks omitted.) *Macy* v. *Lucas*, 72 Conn. App. 142, 148, 804

A.2d 971, cert. denied, 262 Conn. 905, 810 A.2d 272 (2002).

I

The plaintiffs' first claim is that the defendant waived its special defense of governmental immunity by failing to ask the court to instruct the jury on the special defense. More specifically, the plaintiffs claim that the defendant withheld the governmental immunity defense from the jury by failing to request a charge on the defense, and that the court permitted the defendant to benefit from the defense while bypassing the jury on the identifiable person, imminent harm exception. We do not agree. As the procedural history demonstrates, the plaintiffs failed to present sufficient evidence to the jury to warrant an instruction on the identifiable person, imminent harm exception to governmental immunity for discretionary acts. See part II of this opinion. As a matter of law, there was no evidentiary basis on which the court properly could have charged the jury on the identifiable person, imminent harm exception to governmental immunity.

The law regarding directed verdicts and motions to set aside the verdict demonstrates why, as a matter of law, the jury could play no role in the resolution of the plaintiffs' action against the defendant. Practice Book § 16-37 provides in relevant part: "Whenever a motion for a directed verdict made at any time after the close of the plaintiff's case in chief . . . for any reason is not granted, the judicial authority is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. The defendant may offer evidence in the event the motion is not granted . . . . *After the acceptance of the verdict . . . a party who has moved for a directed verdict may move to have the verdict and any judgment*

*rendered thereon set aside and have judgment rendered in accordance with his or her motion for a directed verdict . . . .* If a verdict was returned, the judicial authority may allow the judgment to stand or may set the verdict aside and . . . direct the entry of judgment as if the requested verdict had been directed. . . ." (Emphasis added.)

"It has long been the rule that [a] motion for a directed verdict is a prerequisite to the filing of a motion to set aside the verdict." (Internal quotation marks omitted.) *Salaman* v. *Waterbury*, 246 Conn. 298, 311, 717 A.2d 161 (1998) (*Katz, J.,* concurring); see also W. Gallagher, Post-trial Motions (1980) p. 22. "The rules of practice establish a procedure pursuant to which a motion for a directed verdict, if denied, is considered *renewed* by the motion for judgment notwithstanding the verdict. . . . [Practice Book § 16-37] provides for a motion for judgment notwithstanding the verdict in accordance with [the party's] motion for a directed verdict." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Salaman* v. *Waterbury*, supra, 309.[9] If the court decides to grant the motion to set aside the verdict, the decision on the motion to set aside the verdict relates back to the motion for a directed verdict. See 2 E. Stephenson, Connecticut Civil Procedure (3d Ed. 2002) § 195 a, p. 395.

"The purpose of the motion for a directed verdict with respect to the motions to set aside and for judgment notwithstanding the verdict is to give notice to the trial court." *Salaman* v. *Waterbury*, supra, 246 Conn. 309. In *Salaman,* the "motion for a directed verdict adequately alerted the plaintiff and the trial court to the legal issue of the decedent's entrant status, upon which the trial

[9] In *Salaman,* our Supreme Court determined that the defendant city's motion for a directed verdict sufficiently alerted the court and the plaintiff of the insufficiency of the evidence. *Salaman* v. *Waterbury*, supra, 246 Conn. 309–10.

court based its decision in setting aside the verdict." Id. "[T]he ultimate determination of whether qualified immunity applies is ordinarily a question of law for the court . . . ." (Internal quotation marks omitted.) *Purzycki* v. *Fairfield*, 244 Conn. 101, 107, 708 A.2d 937 (1998).

Here, the defendant's motion for a directed verdict was grounded in a claim of insufficient evidence; that is, there was no evidence that the alleged negligent acts were anything other than discretionary and that the defendant was entitled to governmental immunity. In its motion to set aside the verdict, the defendant again claimed that the plaintiffs had failed to present sufficient evidence to overcome its special defense of governmental immunity. The motion to set aside the verdict, therefore, related back to the evidence at the time the defendant filed its motion for a directed verdict.

In this case, the court decided the outcome of the plaintiffs' cause of action, and the jury played no role in the outcome as a matter of law. The defendant pleaded its special defense of governmental immunity, which was the basis of both its motion for a directed verdict and its motion to set aside the verdict. The plaintiffs opposed the defendant's motion to set aside the verdict claiming, but not pleading, that the identifiable person, imminent harm exception to governmental immunity for discretionary acts applied. In setting aside the verdict, the court determined that the plaintiffs had failed to present sufficient evidence to prevail on the exception. See part II of this opinion. It is well known that "[t]he trial court should not submit an issue to the jury that is unsupported by the facts in evidence." *State* v. *Adams*, 225 Conn. 270, 283, 623 A.2d 42 (1993). Because the defendant's motion to set aside the verdict related back to the status of the evidence at the time of the motion for a directed verdict, there was no factual

basis for the court to instruct the jury on the governmental immunity special defense or any exceptions thereto. Without a factual basis to warrant a special defense charge to the jury, there was no reason for such a charge and ipso facto the defendant could not waive its special defense of governmental immunity by failing to request such a charge. We therefore conclude that the defendant did not waive its special defense of governmental immunity.

## II

The plaintiffs' second claim is that the court erred by setting aside the verdict on the basis of insufficient evidence of imminent harm. We disagree.

As previously stated, the defendant alleged governmental immunity as a special defense to the plaintiffs' claims. Although the plaintiffs failed to allege the identifiable person, imminent harm exception to governmental immunity for discretionary acts, they raised it in opposition to the defendant's motion for a directed verdict. When the court ruled on the motion to set aside the verdict, it considered the identifiable person, imminent harm exception to governmental immunity. The court granted the defendant's motion to set aside the verdict because the plaintiffs failed to present sufficient evidence of an imminent harm to Vereen or another member of the identifiable class. The court found that the risk or condition complained of—the broken, jagged edge of the locker—was not of a temporary or limited duration. See *Purzycki* v. *Fairfield*, supra, 244 Conn. 110. Imminent harm excludes perils that "could have occurred at any future time or not at all." *Evon* v. *Andrews*, supra, 211 Conn. 508.

The principles regarding governmental immunity are well known. "The general rule is that governments and

their agents are immune from liability for acts conducted in performance of their official duties. The common-law doctrine of governmental immunity has been statutorily enacted and is now largely codified in . . . § 52-557n. . . . Section 52-557n governs municipal immunity and provides in relevant part: "(a) . . . (2) Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by . . . (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law." (Citation omitted; internal quotation marks omitted.) *Silberstein* v. *54 Hillcrest Park Associates, LLC*, 135 Conn. App. 262, 267, 41 A.3d 1147 (2012). "The issue of governmental immunity is simply a question of the existence of a duty of care, and this court has approved the practice of deciding the issue of governmental immunity as a matter of law." (Internal quotation marks omitted.) *Doe* v. *Petersen*, supra, 279 Conn. 613.

There are, however, three exceptions to discretionary act governmental immunity. "First, liability may be imposed for a discretionary act when the alleged conduct involves malice, wantonness or intent to injure. . . . Second, liability may be imposed for a discretionary act when a statute provides for a cause of action against a municipality or municipal official for failure to enforce certain laws. . . . Third, liability may be imposed when the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . ." (Citations omitted; internal quotation marks omitted.) Id., 615–16.

The identifiable person, imminent harm exception to governmental immunity is three-pronged. "By its own terms, this test requires three things: (1) an imminent harm; (2) an identifiable victim; and (3) a public official

to whom it is apparent that his or her conduct is likely to subject that victim to that harm." (Internal quotation marks omitted.) *Silberstein* v. *54 Hillcrest Park Associates, LLC*, supra, 135 Conn. App. 274. "If the plaintiffs fail to establish any one of the three prongs, this failure will be fatal to their claim that they come within the imminent harm exception. . . . [W]hether a particular plaintiff comes within a cognizable class of foreseeable victims for purposes of this narrowly drawn exception to qualified immunity ultimately is a question of law for the courts, in that it is in effect a question of whether to impose a duty of care." (Citation omitted; internal quotation marks omitted.) Id., 274–75.

In this case, there is no question that Vereen was a member of a class of foreseeable victims. "[S]chool-children who are statutorily compelled to attend school, during school hours on school days, can be an identifiable class of victims." *Purzycki* v. *Fairfield*, supra, 244 Conn. 109. The issue in dispute is whether the risk of harm was imminent. "For harm to be deemed imminent, the potential for harm must be sufficiently immediate. . . . The risk of harm must be temporary and of short duration. . . . Imminent harm excludes risks that might occur, if at all, at some unspecified time in the future." (Citations omitted; internal quotation marks omitted.) *Silberstein* v. *54 Hillcrest Park Associates, LLC*, supra, 135 Conn. App. 275. The court concluded that the risk of harm created by the broken locker was not temporary in nature and was not imminent in that the risk might occur, if at all, at some unspecified time in the future. The court found the risk more similar to the risk at issue in *Evon* v. *Andrews*, supra, 211 Conn. 501,[10] than to the risk at issue in *Burns* v. *Board of*

---

[10] The plaintiff in *Evon* claimed that the defendants were liable for failing to properly enforce certain regulations, which resulted in a fire in an apartment building. Our Supreme Court held that the imminent harm prong was not satisfied because "[t]he risk of fire implicates a wide range of factors that can occur, if at all, at some unspecified time in the future." *Evon* v. *Andrews*, supra, 211 Conn. 508.

*Education,* 228 Conn. 640, 638 A.2d 1 (1984).[11] We agree that the alleged risk was not imminent.

On appeal, the plaintiffs claim that the risk of harm was limited in time as Vereen and his fellow students had only five minutes in which to change their clothes in the locker room at the end of physical education class. They claim that the five minutes was temporary and limited to a specific foreseeable period of time. The five minutes of time in which Vereen and the other students were in the locker room, however, is not the risk of harm subject to the exception. The dangerous and defective condition of which the plaintiffs complained is the condition of the broken locker, as they pleaded. They also presented evidence that the broken locker had existed from the beginning of the school year until March, 2005, when Vereen was injured. The risk created by the broken locker had existed for approximately one half of the school year and therefore was not temporary in nature. The risk the broken locker posed, if at all, might have occured at some unspecified time in the future. We therefore conclude that the court properly set aside the verdict and rendered judgment in favor of the defendant.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[11] In *Burns,* a student fell while walking through an ice covered courtyard that was a main access of the school campus. Our Supreme Court determined that the "accident could not have occurred at any time in the future; rather, the danger was limited to the duration of the temporary icy condition in the particularly 'treacherous' area of the campus." *Burns* v. *Board of Education,* supra, 228 Conn. 650.